STATE, WHARTON, PROSECUTOR, v. A. E. KOSTER, COL-LECTOR OF WASHINGTON TOWNSHIP, BURLINGTON COUNTY.

1. Upon the minutes of the proceedings of the town meeting of the township of W., it appeared that the sum of $400 was to be raised for township purposes, and "for notes and bonds, to be left to the committee." Under this authority the committee ordered $1212 to be raised. *Held*—that the town meeting could not delegate its authority to the township committee.
2. The portion of the assessment for notes and bonds set aside.

On *certiorari.*   In matter of taxation.

Argued at November Term, 1875, before Justices KNAPP and REED.

For the prosecutor, *P. L. Voorhees.*

For the defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

REED, J.   This writ brings up an assessment made against the property of the prosecutor, lying in Washington township, in the county of Burlington.

The first insistment is, that the property of the prosecutor was assessed too high.

It does not appear that this property was assessed for more than its true value, but that other property in the township was assessed too low.

We cannot set aside the assessment against the prosecutor on that ground.

The remedy for such discrepancy is indicated in *The State* v. *Randolph*, 1 *Dutcher* 431.

A portion of the tax levied for township purposes was clearly unauthorized. Upon the record of the annual town meeting of March 10th, 1874, the following appears : " For township purposes, $400. For notes and bonds, to be left to the town committee."

Assuming the power of the town meeting to raise money for notes and bonds by special acts, (*Laws of* 1864, 297 ; and 1865, 268,) they had no power to delegate that authority to the township committee. *Dillon on Mun. Corp.*, § 60 ; *State*, *Verhule, pros.*, v. *Saalman*, 8 *Vroom* 156.

If it had appeared that a certain instalment of notes or bonds matured each year, and the words on the record meant that the true calculation of such amount should be left to the committee, it might come within the rule in *The State* v. *Sickles*, 4 *Zab*. 125, as the amount ordered to be raised could be made certain by mere computation.

The clear intention of the town meeting, in this instance was, to leave the amount to be raised in the discretion of the committee. This they could not do. The amount assessed for township purposes, other than the $400, was unauthorized. There was the sum of $1612 assessed. Of that, $1212 was assessed improperly.

The value of the property of the prosecutor as assessed, was $31,000. The entire ratables of the township were $99,379. His proportion of the $1212 was, by calculation, $378.

As to that sum assessed as a part of the township tax, the assessment is reversed. The balance of the assessment is affirmed.