DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY.

JUNE TERM, 1884.

---

FRANK B. CONOVER ET AL., PLAINTIFFS IN ERROR, v. JOHN D. HONCE, COLLECTOR OF MARLBORO, DEFENDANT IN ERROR.

1. Since the act of 1881, defects of form and irregularities in the assessment of taxes cannot be set up on *certiorari* or writ of error.
2. A debtor who desires to claim a deduction from his tax, on the ground that the state holds a mortgage on his land, must make such claim to the assessor under oath.

On error to the Supreme Court.

The writ below brought up an assessment made upon a certain farm in the township of Marlboro, in Monmouth county, belonging to the heirs of Charles H. Conover, deceased. At the November Term, 1883, the assessment was, by the Supreme Court, in all things affirmed.

For the plaintiff in error, *J. Clarence Conover.*

For the defendant in error, *Chilion Robbins.*

347

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The error in law which is complained of in this case, is alleged to exist in an assessment of taxes.

Charles H. Conover, deceased, had been the owner of a farm situated in the township of Marlboro, in the county of Monmouth.

The first objection urged against the assessment referred to is that the property taxed was not properly described. The property in question was a farm, and in the duplicate it was thus charged, "Conover, Charles H., deceased, 132 acres."

It is insisted that this is not a compliance with the statute, which makes it the duty of the assessor to designate the land listed by some short description; and further, that the laying of the ownership of the premises in a deceased person was nothing more than an anonymous assessment.

This objection is purely technical. The prosecutors of this proceeding are the heirs-at-law of the decedent, and they appeared before the commissioners of appeal, contesting this piece of taxation, but omitted, altogether, to notice this ground of exception. The Supreme Court was of opinion, when this case was before it, that the description in question was sufficient, and that the ascription of the ownership to a decedent did not invalidate the procedure. But it seems to me that it is quite unnecessary to review the propriety of such a view, because the matter can be put upon the broad ground that, since the act of 1881, (*Pamph. L., p.* 194,) such a technical objection as this is cannot be set up against an assessment of taxes. As I read that act, its effect is to destroy, root and branch, the power to defeat such a proceeding except upon a meritorious ground. If the person or the property be not taxable, the processes of appeal and *certiorari* retain their usual efficacy, but, touching forms and irregularities of procedure, they have been stripped of all force whatever. In fact, the statute, in very terms, declares that such shall be its effect. Its words are, "That no tax, assessment or water rate imposed or levied in this state shall be set aside or reversed

in any court of law or equity, in any action, suit or proceeding, for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or rate, or in the proceeding for collecting the same, if the person against whom, or the property upon which such tax, assessment or rate is assessed or laid, is, in fact, liable to taxation or assessment, or imposition of such water rate, in respect of the purposes for which such tax, assessment or rate is levied, assessed or laid." And in the following clauses, full power to amend, both in matter of form and substance, is conferred upon the court. The expressed purpose of this law, therefore, is to prevent, for the future, the frustration of taxation on the ground of erroneous procedure, and the result, in this case, is that, if this description be legally insufficient—and I do not mean to intimate that such is the fact—nevertheless, such irregularity can form no basis for this writ of error.

The other objection pressed in the brief of counsel was supposed to touch the merits of the case. The land taxed was subject to a large mortgage, held by the trustees of the school fund. No deduction from this account was claimed of the assessor, but the prosecutors appeared afterwards, before the commissioners of appeal, and presented an affidavit, showing the existence of such encumbrance. The Supreme Court, I think, rightly decided that such a proceeding did not give the prosecutors a legal right to require this mortgage money to be discounted. The ground of this conclusion is that, by a rational construction, the act of March 14th, 1879, (*Pamph. L., p.* 228,) which declares that the debts due the state and secured by mortgages to the school fund shall be deducted from the taxable property of the debtor claiming such deduction, must be intended to mean that the claim thus alluded to refers to the kind of claim, in cases of all other debts secured by mortgage, prescribed and regulated by the general tax law. The provision of this general act relating to taxation, is that, when the debtor desires to claim a deduction, on the ground that a mortgage exists upon his land, he must make an affidavit of the existence of such encumbrance, and the

amount due upon it. It is in this way alone that he can make his claim, and when, consequently, the legislature declared that a state debt should be deducted from the tax in favor of a debtor claiming such deduction, it is the reasonable intendment that such claim was to be made in the statutory mode. We cannot reasonably suppose that it was the legislative intent to leave such a matter so much at large that it would be impossible for an assessor to perform his duty in a rational way. How could such officer ascertain whether a mortgage existed, and whether, if such was the case, that the money so secured remained unpaid? Was he to take, on this subject, the simple assertion of the debtor? It should require very clear terms to compel the court to ascribe to the legislature an intention to put on foot so impolitic a measure. The construction already indicated is the true one.

Let the judgment be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, KNAPP, VAN SYCKEL, CLEMENT, COLE, WHITAKER.    9.

*For reversal* — PARKER, PATERSON.    2.