STATE, THORNDYKE SAUNDERS, PROSECUTOR, v. JOHN B. MORRIS, COLLECTOR OF THE LONG BRANCH COMMISSION.

1. The provision of the supplement to the Long Branch Commission act, approved April 8th, 1875, relating to the assessment of property for taxation, was repealed by the constitutional amendment declaring that property should be assessed for taxes under general laws. .

2. According to the Tax act of March 23d, 1881, (*Pamph. L., p.* 194,) taxes illegally assessed will not be set aside on *certiorari,* unless it appears that the prosecutor was not subject to taxation in the place where the taxes were levied, or that the taxes exceed the sum for which he was legally liable to taxation.

On *certiorari.*   In matter of tax.

Argued at November Term, 1885, before Justices DEPUE, VAN SYCKEL and DIXON.

For the prosecutor, *Wilbur A. Heisley.*

For the defendant, *H. M. Nevius.*

The opinion of the court was delivered by

DIXON, J.   This *certiorari* brings up for review the taxes assessed in Long Branch against the prosecutor for the years 1881, 1882, 1883 and 1884.   The taxes were assessed in the manner pointed out by the fortieth section of the supplement to an act to establish the Long Branch Police, Sanitary and Improvement Commission, approved April 8th, 1875, (*Pamph. L., p.* 477,) which provided that all taxes thereafter to be assessed in the Long Branch district should be assessed and raised by such a per centum upon all real estate and chattels situate in said district, both of residents and nonresidents, by valuing the same at the true, full and fair value thereof, as should be necessary to make the amount required for such taxes.

This provision differs from the general law of the state, which directs that all personal property within the state shall be assessed at the place of residence of the owner or possessor, and that real estate shall be assessed where it is situate.

The constitutional amendment adopted in September, 1875, which declares that property shall be assessed for taxes under general laws, therefore repealed this special provision of the Long Branch act, and required that thereafter taxes on property should be assessed in the Long Branch district, as else-

where in the state, according to the general law. *North Ward Nat. Bank* v. *Newark*, 11 *Vroom* 558. Consequently, the mode of assessing the taxes now before us was theoretically erroneous.

But it does not thence follow that the court should set them aside. There is nothing in the state of the case to indicate, nor does the prosecutor assert, that he was not liable to taxation in the district when these taxes were levied, or that they exceed the sums justly assessable against him. Under such circumstances, the general act respecting taxes, assessments and water rents, approved March 23d, 1881, (*Pamph. L., p.* 194,) prohibits the court from annulling taxes merely because of illegality in the assessment of the same, and makes it our duty to see that the complaining taxpayer bears his fair share of the common burthen. *Elizabeth* v. *Meeker*, 16 *Vroom* 157.

For this reason the taxes should be affirmed.