THE STATE, CHARLES W. MAXSON ET AL., PROSECUTORS,
v. WILLIAM SEGOINE, COLLECTOR.

1. If lands of one taxpayer are assessed in excess of the rate of assessment on adjacent property, the remedy is to apply, under the law, to ra:se such assessments as are relatively too low.
2. All taxes to be assessed upon property within boroughs, to which the act of 1888 (*Pamph. L.*, *p.* 226) applies, are to be assessed by the borough assessor.

On *certiorari.*

Argued at November Term, 1890, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutors, *Charles Haight* and *F. P. McDermott.*

For the defendant, *Peter Backes* and *Thomas C. Curtis.*

The opinion of the court was delivered by

VAN SYCKEL, J. The writ in this case is prosecuted to set aside an assessment of taxes against the relators in the borough of Point Pleasant, in the county of Ocean.

The first reason relied upon is, that there was an overvaluation of the prosecutors' lands in making the assessment.

The evidence does not show that the lands of the relators are taxed at more than their fair and full value.

It may be, and probably is, true, that they are assessed somewhat in excess of the rate of assessment on adjoining and neighboring property, but that constitutes no ground for vacating the assessment. The remedy is to apply, under the law, to raise such assessments as are relatively too low. *State* v. *Randolph*, 1 *Dutcher* 427; *State* v. *Taylor*, 6 *Vroom* 184; *State* v. *Koster*, 9 *Id.* 308.

In the second place, it is insisted that the borough assessor was not authorized to make the assessment, but that the state, county, school and township taxes in the borough should have been assessed and collected by the assessor and collector of the township of Brick, within which said borough is situate.

This subject is regulated by the Borough act found in *Pamph. L.* 1888, *p.* 226.

Section 3 of that law provides that the term of office of the assessor and collector shall commence on the 1st day of May after his election, and continue for the period of one year.

Section 4 provides that the assessor shall be a member of the county board of assessors, and shall possess the same powers and perform the same duties as assessors of the several townships of this state.

Section 15 provides that there shall be apportioned to the borough, by the proper officers, its just proportion of the state and county taxes to be raised therein, and the same shall be paid to the county collector by the borough collector, under warrant of the mayor and council.

These provisions leave no room to doubt that all the taxes to be assessed upon property within the borough are to be assessed by the borough assessor and collected by the borough collector.

The assessments should be affirmed.