MUSCONETCONG IRON WORKS, PROSECUTOR, v. BOR-
OUGH OF NETCONG, RESPONDENT.

Submitted December 7, 1916—Decided February 21, 1917.

1. Under section 39 of the Tax act (*Comp. Stat., p.* 5124), an
assessment for taxation cannot be set aside for irregularity or
defect in form or illegality in assessing, laying or levying the tax,
if, in fact, the person so assessed is liable to taxation in respect
of the purpose for which the tax is levied.
2. An assessment of taxes cannot be set aside on *certiorari* on the
ground that the aggregate amount of money levied or assessed
in any taxing district for taxes is greater than called for by the
law or resolution granting it. *Comp. Stat., pp.* 5121, 5122.

On *certiorari.*

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *Edward K. Mills.*

For the respondents, *Charles A. Rathbun.*

The opinion of the court was delivered by

SWAYZE, J.    The prosecutor was assessed for $100,000
personalty.    The assessment was made by the borough col-
lector on the orders of the borough council as of property
omitted by the assessor.    The fact that there was taxable
personal property of that amount consisting of pig iron is
not disputed.    It is said the notice given by the collector
was not in compliance with the statute because the collector
did not give notice of the meeting of the county board of
taxation, sitting on appeal.    Such notice as was given is
said not to have been received until December 20th.    This
can hardly be called adequate notice, but no harm was done
since the prosecutor not only appealed to the county board
but succeeded in its appeal.    Thereupon, the borough ap-
pealed to the state board, and after a hearing, in which both

sides were represented by counsel, the judgment of the county board was reversed. Then the taxpayer sued out this *certiorari* and the whole matter has been submitted to us by briefs in behalf of both parties. Under section 39 of the Tax act, we are forbidden to set aside the tax for irregularity or defect in form or illegality in assessing, laying or levying the tax, if in fact the prosecutor is liable to taxation in respect of the purpose for which the tax is levied. Such is the present case. This disposes of most of the objections.

It is urged, however, that $100,000 is so large an addition to the ratables of Netcong that some correction should be made by way of lowering the rate of taxation to atone for the great increase in ratables. *State* v. *Randolph,* 25 *N. J. L.* 427, is relied on. The argument overlooks the changes in the Tax act since 1856. Section 38 (*Comp. Stat., pp.* 5121, 5122) enacts that no assessment of taxes shall be set aside on *certiorari* because the aggregate amount of money levied or assessed in any taxing district for taxes is greater than called for by the law or resolutions granting the same. That is exactly the present case. The rate is the legally authorized rate; the aggregate amount is greater than called for because of the addition of this omitted property. No injustice results, as Justice Parker pointed out in *Pennsylvania T. & T. R. R. Co.* v. *Hendrickson,* 87 *N. J. L.* 239.

It is also said that the prosecutor was not allowed to deduct its debts. If this deduction would otherwise be allowable, it is not allowable under the act of 1914. *Pamph. L., p.* 353.

The assessment made by the state board is affirmed, with costs.