TOWN OF KEARNY, PROSECUTOR, v. THE STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Argued October 22, 1926—Decided November 12, 1926.

1. The Supreme Court is empowered, if need be, to ascertain and determine the amount of the assessment of property for local taxation under the General Tax act (*Pamph. L.* 1918, *p.* 870, § 513), and the *Certiorari act* (1 *Comp. Stat., p.* 405, § 11), which provides that the court has power to determine disputed questions of fact as well as of law. This power should not be exercised to the exclusion of the state board of taxes and assessment, except upon some exceptional or special reason.
2. The application to have the Supreme Court determine the amount of the assessment of the prosecutor's property to the exclusion of the state board of taxes and assessment is denied.

---

On *certiorari.*

Before Justices BLACK and CAMPBELL.

For the prosecutor, *Hobart & Minard* and *John H. Cooper.*

For the defendants, *John Milton.*

The opinion of the court was delivered by

BLACK, J. The judgment of the state board of taxes and assessment, in this case, was set aside by the Supreme Court; *Town of Kearny* v. *State Board of Taxes and Assessment,* 4 *N. J. Mis. R.* 834, on the ground that the procedure at the hearing before the state board was illegal.

Thereafter, an application was made to have the Supreme Court ascertain and fix the amount of the assessment to be placed upon the property of the Congoleum-Nairn, Inc., located in the town of Kearny, subject to taxation for the year 1925. While it may be conceded that the Supreme Court has the power, not only under the General Tax act of 1918 (*Pamph. L.* 1918, *p.* 870, § 513), to ascertain and determine for what sum such property was legally liable to taxation or assessment, and by order or decree to fix the amount thereof, but, also under the *Certiorari* act (1 *Comp. Stat. of N. J., p.* 405, § 11), the Supreme Court has the power to determine disputed questions of fact, as well as of law. *Trenton, &c., Traction Corp.* v. *Mercer County Board of Taxation,* 92 *N. J. L.* 398; *Gibbs* v. *State Board of Taxes and Assessment,* 101 *Id.* 371. Notwithstanding such power is lodged in the Supreme Court by the legislature, we think the application should be denied for two substantial reasons. The first is practical and the second is fundamental. As to the first, the statute is not mandatory or obligatory, the Supreme Court is "empowered, if need be, to ascertain and determine," &c. The business now pending before that part of the Supreme Court, in which municipal matters are heard and determined, is such that it would be impractical for that court to hear and determine tax cases, in which the principal and perhaps the only contentions are questions of fact.

The second or fundamental reason is, the legislature has provided a tribunal for that express purpose. This board

was created by the act of 1915 (at *p.* 438), it and its predecessor, the state board of assessors, has had jurisdiction over the assessment of railroad property since 1884 (*Pamph. L.* 1884, *p.* 142), and it and its predecessor has had jurisdiction on appeal over the local assessments since 1891. *Pamph. L.* 1891, *p.* 189. It occupies an important position in the system of taxation of the state, especially for the determination of disputed questions of fact. It was so designed by the legislature for that express purpose. In the absence of some exceptional or special reason, the normal functions of the state board of taxes and assessment in determining disputed questions of fact, as a fact finding board in the first instance, should not be curtailed, suspended, interfered with or superseded by the courts. No adequate reason is suggested why the Supreme Court in this case, rather than the state board of taxes and assessment, should determine the value of the property under investigation for the year 1925.

This leads to a denial of the application.