REMINGTON CASH REGISTER COMPANY, PROSECUTOR-APPELLANT, v. STATE BOARD OF TAXES AND ASSESSMENT, RESPONDENT-APPELLEE.

Argued October 7, 1930—Decided November 22, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *Robert Carey, Jr.*

For the respondent, *Frank A. Boettner* (*Louis A. Fast*, of counsel).

PER CURIAM.

Certain cash registers sold by the prosecutor under conditional bills of sale to various purchasers in the city of Newark were assessed for taxes to the conditional vendors by the taxing authorities of the city.

The amount of the assessment is not in dispute. Upon appeal, the county board of taxation, and the state board of taxes and assessment, affirmed the assesment.

It was urged before such boards, and here, that the sales, being conditional, the title was in the vendee subject to being divested for non-payment of the installments of consideration and that the transactions were analogous to those of a chattel mortgage, the vendees being the owners, who might under the terms of the Tax act, require exemption to the extent of the mortgage debt.

We think neither of these grounds is tenable. Taking up the latter ground first, the party assessed has not taken advantage of such provision of the act and therefore is not entitled to the benefit thereof. Nor may the prosecutor succeed upon the first ground. Upon and under its conditional bills of sale it specifically reserved title and ownership in itself.

Under *Pamph. L.* 1918, *ch. 236*, all property shall be assessed to the owners thereof and "all tangible personal property shall be assessed in and for the taxing district where such property is found."

Pursuant to such requirements of the statute the assessment in question was made, and we think properly.

If there be need for any proof of this the conditional sales agreements contain it, inasmuch as they provide—"undersigned, [purchaser] agrees to pay all taxes on the register, and in event of default to reimburse you for all taxes paid on same by you."

The assessment will be affirmed and the writ dismissed, with costs.