MANISTEE IRON WORKS COMPANY, PROSECUTOR, v. TOWNSHIP OF RARITAN AND MELVIN A. CAMPBELL, COLLECTOR OF TAXES, RESPONDENTS.

Submitted October 13, 1933—Decided January 25, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *McDermott, Enright & Carpenter (Carl S. Kuebler)*.

For the respondents, *Thomas L. Hanson*.

BODINE, J. This writ brings up for review personal property taxes imposed upon the Manistee Iron Works Company for the years 1926 to 1931 inclusive. The Raritan township tax assessor, discovering that the property in question regularly assessed against the Building Materials Corporation was in fact the property of the prosecutor, made indelible pencil changes upon his records purporting to transfer the assessments. The tax receiver made like changes upon his books. The taxes remaining unpaid, a notice was sent that the property would be sold April 29th, 1932, for the taxes then in arrears.

The property in question was sold years ago under a conditional sales agreement to the Eastern Potash Corporation. This concern became bankrupt. Upon reclamation proceedings the reservation of title was held valid. The Building Materials Corporation succeeded to the rights of the Eastern Potash Corporation. A new conditional sales agreement

being made, the new company defaulted and the prosecutor replevined the goods. Because of litigation by adverse claimants possession was not acquired until January 26th, 1931. Personal property taxes are assessed against the owner of goods. Prosecutor does not question the power of the municipality to assess taxes and concedes that the municipality may rectify mistakes made in the assessment of property.

The General Tax act of 1918 (*Pamph. L., p.* 847, § 513, *p.* 870), provides: "No tax or assessment imposed or levied in this state shall be set aside or reversed in any court of law or equity in any action, suit or proceeding for *any irregularity or defect in form, or illegality in assessing, laying or levying any such tax or assessment* or in the proceeding for collecting the same *if the person against whom or the property upon which such tax or assessment is assessed or laid is, in fact, liable to taxation or assessment in respect to the purposes for which such tax or assessment is levied,* assessed or laid; and the court in which any action, suit or proceeding is or shall be pending to review any such tax or assessment is required to amend all irregularities or errors, or defects, and is empowered, if need be, to ascertain and determine for what sum such person or property was legally liable to taxation or assessment, and by order or decree to fix the amount thereof; and the sum so fixed shall be the amount of tax or assessment for which such person or property shall be liable, and the same shall be and remain a first lien or charge upon the property and persons, and collectible in the manner provided by law, the same as if such tax or assessment had been legally levied, assessed or imposed in the first instance by the city, town, township, commissioner, board or other authority attempting to make, impose or levy the same; *it shall be the duty of the court to make a proper levy, imposition or assessment in all cases in which there may lawfully be an assessment, imposition or levy; and such court is hereby given full and ample authority to make a lawful levy, assessment or imposition.*"

A somewhat similar statute was said by this court to be designed to correct evils arising from the evasion of taxes and has been liberally construed. *State* v. *Montclair and Greenwood Lake Railroad Co.,* 43 *N. J. L.* 524. "We are

forbidden to set aside the tax for irregularity or defect in form or illegality in assessing, laying or levying the tax, if in fact the prosecutor is liable to taxation in respect of the purpose for which the tax is imposed." *Musconetcong Iron Works* v. *Netcong*, 90 *Id.* 58; 99 *Atl. Rep.* 914.

In *Clark* v. *Mulford*, 43 *N. J. L.* 550; *affirmed*, 44 *Id.* 439, Mr. Justice Van Syckel said respecting an earlier statute of reform: "The objection that lands of Elizabeth R. Clark are assessed in the name of the Union and Essex Land Improvement Company and that lands of William Hahn are assessed in the name of Ferdinand Blancke, cannot prevail, since it is cured by the statute. Revision page 1165, placitum 120. *Tindall* v. *Vanderbilt*, 33 *Id.* 38. If the assessments were irregular and defective in these respects, it would be the duty of the court to amend them under the act of March 23d, 1881. *Pamph. L., p.* 194."

The true situation seems to have been that the assessor supposed the property in question to have been the property of another. The assessment was regularly made in each year and it was not until February or March of 1932 that it was discovered that the Manistee Iron Works Company was the true owner of the property in question, and an assessment of $150,000 against the Building Materials Company, the supposed owner, was reduced by $30,000 and the assessment heretofore made against it was transferred to the prosecutor.

Prosecutor does not question that the municipality would have had the right in the years in question to have taxed the prosecutor for the value of its property located in the township, but does contend that taxes assessed against the conditional vendee may not now be assessed against the conditional vendor. We can see no merit whatever in this contention since the purpose of the legislature is clearly expressed to the end that property shall be assessed against the true owner and the power of correction and amendment shall be very broad. Property sold under conditional sales contracts is usually assessable against the conditional vendor. *Remington Cash Register Co.* v. *State Board*, 8 *N. J. Mis. R.* 875; 152 *Atl. Rep.* 330; *affirmed*, 108 *N. J. L.* 418; 159 *Atl. Rep.* 93. The corporation, whose name was inserted in the assessment

lists being in fact liable to assessment in respect to the purposes for which the tax was levied, it would seem that there was no legal doubt as to the propriety of the action taken.

It is urged that since prosecutor's possession was interrupted by court proceedings that the property in question was not subject to taxation. We know of no such exemption in the law and no authorities are cited to support the contention. The mere circumstance that litigation is pending respecting the title to lands or chattels would seem, for obvious reasons, not to withdraw such property from taxation. *State* v. *Montclair and Greenwood Lake Railroad Co., supra.*

So far as appears the assessments were regularly made against the prosecutor's property, but not against it as owner. It is manifest that the statute cures this irregularity, because the statute provides that no court shall set aside such tax, provided the person or property was in fact liable to such taxation. *Pamph. L.* 1918, *p.* 847, 870. Nor can we regard such legislative enactment as confiscatory. The owner of property well knows that the same is subject to taxation, and is under a duty to make reasonable inquiry as to his taxes, and if he fails so to do he cannot complain if he subsequently learns of his liability to make payment which he should have anticipated.

We cannot review the provisions of the statute as limited to corrections of error for a current year, because the whole purpose of the legislation is to secure the just taxation of persons and property irrespective of irregularity or defect in form and illegality in assessment, to the end that the persons and property liable to payment shall be subjected to the same. Since the statute contains no limitation as to the time in which the corrections and changes to accomplish the legislative purpose may be made, we see no limitation upon our powers. Besides it was also so held in *State* v. *Montclair and Greenwood Lake Railroad Co., supra,* in construing a similar but somewhat narrower enactment.

Although the prosecutor could not appeal to the county board or other agency designed for the correction of errors, and in fact had no previous notice of the action taken, does not unjustly affect the prosecutor, since a review in the court

affords a full and effective remedy within the purview of the organic law. The law does not require that the prosecutor shall have a right to a review by the state tax board. It is sufficient that he be not deprived of his property without due process of law.

Even though the prosecutor could not, because of the pendency of legal proceedings remove its property from the jurisdiction of the court, it still obtained benefits for which it may be subjected to taxation. The statute does not exempt from taxation property within the state which the owner desires to remove. The determining factor is the existence of property within the taxing district on the taxing day.

The property taxed cost in 1919, $369,000. A receivership proceeding resulted in the withholding of the delivery of a part which was subsequently delivered when a new corporation was formed. The proofs of value for taxation purposes are not too clear. There was a cost of possibly $290,000. Experts give various values to the property in question as equipment or junk. One witness testified that the equipment had the following values on the following taxing days: as of October 1st, 1926, $17,278; as of October 1st, 1927, $16,489; as of October 1st, 1928, $17,527; as of October 1st, 1929, $17,527; as of October 1st, 1930, $11,374; as of October 1st, 1931, $9,847. Another witness testified that on October 1st, 1925, it had as equipment a value of not less than $150,000, and a junk value of $25,000. Although its value for evaporation purposes was halved the junk value of $25,000 remained constant until 1930, when it slipped to $20,000. The spread between the testimony of the witnesses called is wide and both seem somewhat biased. Besides the evidence returned with the writ is meagre. The determination of the true value of machinery in these days is one of the most difficult tasks possible. Therefore, unless the parties are satisfied that the assessments may be reduced by half, the case will be sent back for further proofs, it is to be hoped by competent and impartial witnesses.

Under the circumstances of the case the exaction of interest seems inequitable. The court will, under the statute, fix an assessment of $15,000 for each year upon which taxes shall

be paid, but without interest, until the time of demand. However, if this is unsatisfactory to either party further proofs may be taken.