ORITANI FIELD CLUB, PROSECUTOR, v. CITY OF HACKENSACK, HACKENSACK IMPROVEMENT COMMISSION AND WILLIAM SCHAAF, CLERK OF SAID COMMISSION, RESPONDENTS.

AGNES M. BARKMAN, PROSECUTOR, v. CITY OF HACKENSACK, HACKENSACK IMPROVEMENT COMMISSION AND WILLIAM SCHAAF, CLERK OF SAID COMMISSION, RESPONDENTS.

Argued January 17, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the prosecutors, *Warren Dixon, Jr.* (*William J. Morrison, Jr.*, on the brief in No. 235).

For the respondents, *Donald M. Waesche.*

PER CURIAM.

This writ brings up the assessments levied against the lands of the respective prosecutors for the extension of a street in Hackensack called Berry street from State street easterly to River street. A number of reasons are assigned but not all of them need to be discussed.

The first point argued is that the assessment is illegal because the commissioners of assessment who had charge of the matter and who made the report, did not have the qualifications required by the statute. We find no reason to support this point. It is assigned to the last reason filed in both cases, but an examination of that reason shows that it merely alleges general error and we think is not available to support the point now made.

The next point is that the report and map returned in response to the writ are not the same report and map that were adopted and confirmed by the municipal body, and that another report and map have been substituted.

The third point is that these reports and maps failed to designate, define or limit the extent of the property of the prosecutor Oritani Field Club, against which the assessment was imposed. Similar points are made in the Barkman case.

This question of the substitution of other papers, particularly of another map, for the map originally annexed to the report of the commissioners and on file in the municipal office, was raised very early in the case and was the subject of considerable controversy. The court made a rule permitting the taking of depositions on this subject, and those depositions have come in and have been considered. It is urged for the city that the return to the writ of *certiorari*, which sends up a certain map, cannot be contradicted by other evidence and is conclusive on the court, but we are unable to take this view of the matter. It is true that where

the review by *certiorari* applies to the judgment of an inferior court, the certificate of that court as to what took place before it is of necessity binding on the appellate court, but this rule does not seem to apply to the case of a mere municipal assessment made by a temporary body specially organized for that purpose. For example, commissioners of assessment are required to report in all cases whether or not the assessments were in excess of the benefits conferred, and ordinarily report that they were not in excess of such benefits; but this is no bar to taking other evidence to show that such a report was not true, and it was a matter of every day practice to do so. See for example the comparatively recent case of *Lehigh Valley Railroad Co.* v. *Jersey City,* 81 *N. J. L.* 290; 80 *Atl. Rep.* 228. In the present case the report of the commissioners as returned stated that a certain map was annexed to the report and showed the lands assessed. This was done in conformity with section 27 of article 20 of the Home Rule act. *Pamph. L.* 1917, *p.* 381, amended *Pamph. L.* 1925, *p.* 235. This section requires that the report shall be accompanied by a map showing the lands and real estate taken, damaged or benefited by said improvement, and for which damages or benefits have been assessed. Two maps are in question in this case. The one marked *Exhibit P-1* is the map showing Berry street from State street to River street with certain abutting lands, and is entitled, "Assessment Map Berry Street, Hackensack, N. J." This map shows a lot marked "1" entitled "Oritani Field Club" as fronting on Berry street and also on River street, but without any delimitation of the amount of territory subject to assessment. Consequently, there is nothing on the map to indicate just what was assessed as against the prosecutor Oritani Field Club. On this same map the Barkman property is not shown at all; and yet the map on its face bears all the earmarks of being the map used for assessment purposes and the date December, 1931, is a short time before the appointment of the special commission for the making of the assessment.

The other map, which is claimed to be the map actually

used by the commissioners and is now annexed to the report, although the depositions show quite clearly that it was not so annexed when the report was made public for examination by persons interested, shows the whole of Berry street from the New Jersey and New York railroad to River street, a distance of five blocks, instead of two blocks, three of these blocks having nothing to do with the assessments so far as proposed; and the various properties delineated thereon include a large number of properties not in any way subjected to the assessments.

Our examination of the depositions and other evidence satisfies us that *Exhibit P-1* was the map actually used and which should have been annexed to the report, and not *Exhibit R-3,* the map last above described. However, even if *Exhibit R-3* be regarded as the true map, the same difficulty exists with regard to property of the Oritani Field Club in that there is nothing on the map to show how much of their property, which extends all the way from Berry street to Camden street, a distance of 437 feet, is to be subjected to the assessment. We are unable to see how this assessment in either case can be upheld as against property that is not delineated on the map. The map is an essential part of the assessment and, in fact, is the only source of information whereby the property assessed can be identified. The assessment as reported speaks of lot 1 in block 401A as owned by the Oritani Field Club, and lot 11 in block 407 as owned by Mrs. Barkman; but as we have already pointed out, the Barkman lot is not shown on the assessment map P-1 at all, and the Oritani Field Club plot is not indicated except by its frontage on Berry street and River street. We think these errors are fatal to the present assessment.

There are one or two other reasons argued, all of which seem to go to the point that the assessment is either excessive or that it is based on consideration which should not properly be taken into account in fixing the amount assessed. As to this phase of the case it is stipulated or conceded that appeals are pending before the Circuit Court pursuant to the statute, and as the matters embraced in these last points are

of a question that should be answered on such appeals, we do not consider them here.

However, for the reasons above stated the assessments against the two prosecutors are set aside, with costs.