LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, A CORPORATION, PETITIONER, v. THE STATE BOARD OF TAXES AND APPEALS AND THE MAYOR AND ALDERMEN OF JERSEY CITY, A MUNICIPAL CORPORATION, RESPONDENTS.

NATIONAL STORAGE COMPANY, A CORPORATION, PETITIONER, v. THE STATE BOARD OF TAXES AND APPEALS AND THE MAYOR AND ALDERMEN OF JERSEY CITY, A MUNICIPAL CORPORATION, RESPONDENTS.

LEHIGH VALLEY HARBOR TERMINAL RAILROAD COMPANY, A CORPORATION, PETITIONER, v. THE STATE BOARD OF TAXES AND APPEALS AND THE MAYOR AND ALDERMEN OF JERSEY CITY, A MUNICIPAL CORPORATION, RESPONDENTS.

UNITED REAL ESTATE COMPANY, A CORPORATION, PETITIONER, v. THE STATE BOARD OF TAXES AND APPEALS AND THE MAYOR AND ALDERMEN OF JERSEY CITY, A MUNICIPAL CORPORATION, RESPONDENTS.

Submitted May term, 1934—Decided August 16, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the petitioners, *Lum, Tamblyn & Fairlie (Ralph E. Lum,* of counsel).

For the respondents, *James A. Hamill (Charles Hershenstein,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   These cases, consolidated as one, are before us on a rule to show cause why a writ of *certiorari* should not be allowed commanding the respondents to certify and send to this court the judgments and proceedings touching and concerning the valuations for the assessments of taxes for the year 1932, of certain properties of each petitioner located in the city of Jersey City.

Petitioners contend that they are entitled to a writ for the following reasons: (1) "Analysis of the testimony as to value reveals that the valuation as determined by the state board of tax appeals are in excess of true values." (2) "The state. board of tax appeals committed an error in law in refusing to hear the testimony of petitioners touching discrimination."

Although petitioner makes certain obvious observations concerning the effect of the depression on land values, nevertheless, they say: "We hasten to explain that the petitioners are not seeking relief in this proceeding simply because there has been a marked recession in all land values. *On the contrary we submit that the assessments here under review—on the sole basis of sales of comparable property before the depression—are excessive and have been so for years."*

The special character of the property affected affords little opportunity to determine values on the basis of sales of comparable property before, and much less since, the general real estate depression. *United New Jersey Railroad, &c., Co.* v. *State Board, &c.,* 103 *N. J. L.* 33; 134 *Atl. Rep.* 669.

It will serve no useful purpose to restate or summarize the testimony disclosed by the record and that stipulated as hav-

ing been taken on September 27th, 1932, and October 4th, 1932, on hearings before the board on first and second class property for the year 1931. Suffice it to say that, as is usual in such cases, there is a sharp divergence on the proof as to values. But there is, without question, sufficient proof to justify the determinations reached by the state board, upon which determination the judgments in question were based.

The unanimous conclusions of the state board resulted in the following reductions to each petitioner: (a) Lehigh Valley Harbor Terminal Railway Company, $1,808,200; (b) United Real Estate Company, $75,000; (c) Lehigh Valley Railroad Company, $6,400. There was no reduction as to the National Storage Company.

It is the settled law of this state that valuations ordered by the unanimous board should not be set aside unless it is entirely clear that the evidence will not fairly support them, and valuations by a divided board be determined according to circumstances. *Pennsylvania Railroad Co.* v. *Jersey City,* 98 *N. J. L.* 283, 285; 125 *Atl. Rep.* 921.

Did the state board commit an error in law in refusing to hear the testimony of petitioners touching discrimination? Decidedly no. It is the established law of this state that the fact that other property in a taxing district is assessed for valuation at less than its true value affords no ground for reducing the assessment placed upon the property of a complaining taxpayer below the true value thereof. *Royal Manufacturing Co.* v. *Board of Equalization of Taxes,* 78 *N. J. L.* 337; 74 *Atl. Rep.* 525. The petitioners concede this to be true but contend that the rule to the contrary, as announced in the cases of which *Sioux City Bridge Co.* v. *Dakota,* 260 *U. S.* 441, is typical, should be followed and that the holding of *Royal Manufacturing Co.* v. *Board of Equalization of Taxes, supra,* should be disapproved. A substantially like contention was made and denied by this court in the case of *Hackensack Water Co.* v. *Woodcliffe Lake,* 104 *N. J. L.* 48; 139 *Atl. Rep.* 410. The law, on this point, is also settled and controlling.

It is claimed that petitioners were not offered a hearing before the county board. We are not to be considered as approving the action of the county board in failing to make an appropriate or just order respecting the time and manner for a hearing of the appeal pending before it, prior to the determination thereof, in a summary manner. We are rather of the opinion that under the proofs and proceedings of the instant case, petitioners waived the right to now raise that objection. At all events, it is not now properly before us.

No debatable question is made to appear, to us, on this application.

The rule to show cause is discharged, with costs.