CITY OF BAYONNE, A MUNICIPAL CORPORATION, PROSE-CUTOR, v. STATE BOARD OF TAX APPEALS AND INGRAM-RICHARDSON CORPORATION, A CORPORA-TION, RESPONDENTS.

Argued January 16, 1935—Decided April 13, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *Alfred Brenner.*

For the respondent Ingram-Richardson Corporation, *John B. McGeehan.*

PER CURIAM.

The sole question presented for determination is the propriety of the action of the state board of tax appeals in reducing an assessment made by the local authorities, for the purposes of taxation, covering improvements upon lands in the city of Bayonne, owned by respondent Ingram-Richardson Corporation. The Hudson county board of taxation affirmed the assessment. The appeal covered also the assessment upon the lands and personal property. At the hearing before the state board, the appellant withdrew its objections to the latter assessments. The state board reduced the assessment upon the improvements from $169,000 to $150,000. The municipality thereupon sued out this *certiorari,* and now alleges that there was no legal evidence upon which the reduction could be predicated.

We find this claim to be devoid of merit. The prosecutor's witness, Vinik, appraised the improvements, as of October 1st, 1932, the taxing date, at $185,358. This represented what the witness conceived to be the reproduction cost, $218,067, less depreciation of fifteen per cent. The landowner's expert witness placed the reproduction cost at $156,493, and depreciation at twenty per cent. Therefore, the net value was, in his opinion, $126,155. It is true that this witness did not consider, in the making of his appraisement, certain items of construction, *i. e.,* plumbing and heating, stoker and blower, sprinkling system, electric wiring, and a baking oven and furnace. But, considering these items, we are of opinion that the state board was entirely justified in reducing the assessment to the sum mentioned. The president of the board viewed the property; and the board was unanimous in its conclusion. The board was privileged to

use its own knowledge and judgment in the appraisement of this property for tax purposes. *City of Bayonne* v. *State Board of Taxes and Assessments*, 11 *N. J. Mis. R.* 694; 167 *Atl. Rep.* 880; *Long Dock Co.* v. *State Board of Assessors*, 86 *N. J. L.* 592; 92 *Atl. Rep.* 439; *Lehigh Valley Railroad Co.* v. *State Board of Taxes and Appeals*, 12 *N. J. Mis. R.* 673; 174 *Atl. Rep.* 359. The evidence, in our opinion, fairly supports the challenged judgment.

Judgment affirmed, with costs.