CITY OF HOBOKEN, PROSECUTOR, v. STATE BOARD OF TAX APPEALS, AND HOBOKEN LAND AND IMPROVEMENT COMPANY, DEFENDANTS.

Submitted January 31, 1936—Decided March 17, 1936.

Before Justices PARKER, CASE and BODINE.

For the motion, *David T. Wilentz,* attorney-general (*Duane E. Minard,* of counsel).

For the city of Hoboken, *Horace L. Allen* and *Otmar J. Pellet.*

PER CURIAM.

The writ in this cause, allowed September 18th, 1935, calls on the state board of tax appeals for the tax valuations of certain lands in Hoboken of the respondent Hoboken Land and Improvement Company, the appeals of said valuations, the proceedings and judgment of said board, &c. The formal return was made in due course; but at the time of allowing the writ, the Chief Justice, who allowed it, also made a rule that either party have leave to take depositions to be used in the argument of the cause. Acting under said rule, the prosecutor served subpœnas *ad testificandum* on members of the board, in the usual general form, to appear before a named commissioner of this court at a stated time and place, and testify in this cause. The present motion submitted on briefs at the present term, is to quash these subpœnas; on six specified grounds.

It would seem, judging from an *ex parte* affidavit of Charles V. Webb, printed in the case, that a similar motion was made before the Chief Justice on December 12th last. Nothing appears touching his action thereon, if any; but as the writ had been returned two months previously, it may be assumed that he refused as a single justice to act in the matter.

The first ground stated is that "the rule to take depositions was improvidently entered." But the attack is limited by the notice, and that challenges, not the rule, but the subpœnas.

The second ground is that "said rule is ineffective to require members of the state board of tax appeals to testify in response to said subpœnas."

But it is quite conceivable that members of the board would be competent and necessary witnesses to matters relevant to the case, but not embodied in a formal return, and indeed, in contradiction thereof. This is common practice in the case of local boards, as for example, in *Lehigh Valley Railroad Co.* v. *Jersey City*, 81 *N. J. L.* 290, 295; 80 *Atl. Rep.* 228, and very recently in *Oritani Field Club* v. *Hackensack*, 12 *N. J. Mis. R.* 490; 172 *Atl. Rep.* 805, where depositions were taken to show that a false map had been returned. In *Bayonne* v. *State Board of Tax Appeals*, 13 *N. J. Mis. R.* 334; 178 *Atl. Rep.* 177, we said, and by no means for the first time, that the board was privileged to use its own knowledge and judgment, as in *Long Dock Co.* v. *State Board of Assessors*, 86 *N. J. L.* 592; 92 *Atl. Rep.* 439, where it was further held that members of the board could be examined as witnesses as to that knowledge. It is conceded that in a number of cases cited in the brief for this motion, evidence *aliunde* the record was proper; but it is said that this record is on its face complete, and in such case the rule should not apply. But on the face of things, the board discredited the evidence of expert witnesses and fell back upon "common sense and knowledge of the subject" as aiding in a decision. It would seem that the Long Dock case is clearly applicable.

These considerations are dispositive, not only of ground 2, but of ground 4, that testimony of members of the board would be irrelevant and immaterial; of No. 5, that the return is conclusive; and of No. 6, that no valid reason for the examination appears. As to No. 3, that the subpœnas were improvidently and illegally issued, if the city is entitled to examine members of the board, it is naturally entitled to subpœna them.

The motion to quash the subpœnas is denied, but without costs, the board being a state agency.