THE BOROUGH OF ORADELL, A MUNICIPAL CORPORA-
TION, PROSECUTOR-APPELLANT, v. STATE BOARD OF
TAX APPEALS, BERGEN COUNTY BOARD OF TAXA-
TION, AND HACKENSACK WATER COMPANY, DEFEND-
ANTS-RESPONDENTS.

Submitted February 16, 1940—Decided May 21, 1940.

For the appellant, George W. Babcock.

For the respondent Hackensack Water Company, Morrison,
Lloyd & Morrison (William J. Morrison, Jr., of counsel).

The opinion of the court wes delivered by

HEHER, J.   The State Board of Tax Appeals was invested
with jurisdiction to entertain the appeal taken from the judg-
ment of the Bergen County Board of Taxation.   The con-
ceded jurisdictional lack did not make certiorari the exclusive
remedy.

The question is, after all, one of statutory construction;
and we read the statute as clothing the State Board of Tax
Appeals with appellate cognizance of a judgment of a county
board of taxation coram non judice.

Section 54:2-35 of the Revision of 1937 provides that "Any
action or determination of a county board of taxation may
be appealed for review to the state board of tax appeals under
such rules and regulations as it may from time to time pre-
scribe, and it may review such action and proceedings and
give such judgment therein as it may think proper."   And
section 54:2-39 prescribes that "Any appellant who is dis-

satisfied with the judgment of the county board of taxation upon his appeal, may appeal from that judgment to the state board of tax appeals by filing a petition of appeal to the board," and so on, "and the state board shall proceed summarily to hear and determine all such appeals and render its judgment thereon as soon as may be."

These provisions are all inclusive. The language does not reveal a purpose to exclude judgments void for want of jurisdiction. The ruling principle is contained in *Williamson v. Middlesex Common Pleas*, 42 *N. J. L.* 386. There the point in controversy was whether the Pleas had jurisdiction, under a statute of like purport, to entertain an appeal and try the cause *de novo* where the justice's court had no jurisdiction of the subject-matter; and Mr. Justice Reed, granting that "the assumption that the jurisdiction of the appellate tribunal is dependent, in all respects, upon the fact of the jurisdiction of the court below * * * upon first impression, has an appearance of soundness," declared: "But this does not involve the right to bring the cause into the appellate court. The want of power in the appellate court to render a judgment upon the merits, does not defeat the right to adjudge as to any question arising upon an objection urged in abatement of the action or to the jurisdiction of the court. Every court is called upon to determine the scope of its own jurisdiction. When such jurisdiction is questioned in the course of a legal proceeding, its determination is a question of law involved in the judgment. It, like every other question of law or fact, is the subject of review. The right to review this question alone, gives the right of appeal. The appellate court must act upon it and decide it, and its decision should be entered of record in that court. If the decision is against the jurisdiction of the courts—and if of one, of course of both courts—the action must be dismissed by force of that judgment, but the judgment should be entered, and the record retained in the appellate court. * * * Now, it appears that the judgment from which the appeal in this case was taken, was, in form and color, entirely regular. By the terms of the preceding section, an appeal

lies from it. The only plausible ground for denial that an appeal lies from it is that, for the want of jurisdiction in the court which rendered it, it is no judgment. It is of course true that, for many purposes, it is a nullity. While it yet·stands unreversed, it is a *brutum fulmen,* which neither binds nor bars any one. Whether it is reviewable, brings us back to the question whether want of jurisdiction in the court is a matter which the appellate court can consider. That such a judgment is reviewable, is, I think, the overwhelming sentiment of the courts."

Holding also that *certiorari* afforded a concurrent means of review, Mr. Justice Reed continued (at *p.* 396) : "In cases where jurisdiction over the subject-matter is wanting, it is equally important that the right of appeal should exist. The question whether jurisdiction does or does not exist, is often one of great nicety. If *certiorari* should be the only remedy where jurisdiction is absent, and appeal the only remedy where jurisdiction is present, the determination of the party in adopting the appropriate method of review, would be attended with great perplexity. If he took his writ, and it appeared that jurisdiction was present, his writ would be dismissed, with costs. If he took his appeal, and it appeared that jurisdiction was absent, he would then be defeated. Again, the question of jurisdiction may be one of several legal questions involved in the cause. Upon *certiorari,* the only question reviewable is that of jurisdiction. Upon appeal, if allowed, all questions can be reviewed, both of law and of fact." And, as was further observed, the contrary view would strip "the Court of Common Pleas of much of its usefulness as an appellate court." See, also, *Wheeler and Wilson Manufacturing Co.* v. *Carty,* 53 *N. J. L.* 336.

The cases of *Shrewsbury* v. *Merchants' Steamboat Co.,* 76 *N. J. L.* 407, relied upon by the Supreme Court, and *Mellor* v. *Kaighn,* 89 *Id.* 543, are not in point. We do not read either case as giving voice to the view that, in such circumstances, appeal and *certiorari* are not concurrent remedies. See *Dorman* v. *Usbe Building and Loan Association,* 115 *Id.* 337.

In fact, the respondent Water Company seems to concede that these remedies are·concurrent. Asserting that the appellant municipality, by the appeal, "elected to have a retrial on the merits," and "is bound by that election," it is argued that, when the unsuccessful party in the tribunal of first instance "conceives that that court lacked jurisdiction to do what it did, he may elect not to stand on that ground but to appeal and re-try his case on the merits," and that "if he wishes to stand on that ground and to reverse the judgment for lack of jurisdiction, he must proceed by *certiorari*," and "conversely, if he seeks only a review on the merits, he must proceed by appeal"—citing *Traphagen* v. *Township of West Hoboken*, 39 *N. J. L.* 232; *affirmed*, 40 *Id.* 193; *Illingworth* v. *Rich*, 58 *Id.* 507, and *Taylor Provision Co.* v. *Adams Express Co.*, 72 *Id.* 220. The point is patently unsound.

If, for lack of jurisdiction, the County Tax Board could not lawfully proceed to hear and determine the cause on the merits, so also was the State Board of Tax Appeals under a like disability. In the absence of a clearly expressed legislative purpose to the contrary, that would seem to be axiomatic. Mr. Justice Reed dealt thus with the question in *Williamson* v. *Middlesex Common Pleas, supra:* "Inasmuch as the jurisdiction of the Court of Common Pleas is co-extensive with that of the justice's court, whenever a matter is not within the cognizance of the latter court, it cannot receive the consideration of the former. The course is to dismiss the appeal, *i. e.,* the *action* being heard upon appeal." The term "appeal", is regarded as having a double significance—*i. e.,* "to designate the act of lodging the action in the appellate court," and also "the action itself, when in the appellate court."

The judgment is accordingly reversed, and the cause remanded for further proceedings in conformity with this opinion.

*For affirmance*—HETFIELD, WELLS, RAFFERTY, JJ.   3.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, PERSKIE, DEAR, WOLFSKEIL, HAGUE, JJ.   9.