### CROMWELL v. HILLSBOROUGH TP., SOMERSET COUNTY, N. J., et al.
### No. 8780.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 14, 1945.

Decided May 9, 1945.

---

618

Harry E. Walburg, of Newark, N. J. (Kessler & Kessler and Cox & Walburg, all of Newark, N. J., Clarkson A. Cranmer, of Somerville, N. J., and Edward R. McGlynn and Samuel I. Kessler, both of Newark, N. J., on the brief), for appellants.

Shelton Pitney, of Newark, N. J. (Pitney, Hardin & Ward, of Newark, N. J., on the brief), for appellee.

Before PARKER and GOODRICH, Circuit Judges, and KIRKPATRICK, District Judge.

GOODRICH, Circuit Judge.

The plaintiff in this case brought an action for declaratory judgment under the statute (28 U.S.C.A. § 400) seeking a declaration that four personal property tax assessments levied by the Somerset County Board of Taxation against the plaintiff individually and as trustee for the Duke Endowment are null and void. The litigation terminated in the District Court with the entry of a summary judgment in the plaintiff's favor and the defendants appeal.

The first ground for complaint on the part of the defendants is that the District Court was without jurisdiction to entertain the suit under the Declaratory Judgment Act. We do not doubt that federal courts are not to entertain suits under this statute for the sole purpose of obtaining a determination of the validity of a state tax assessment where federal rights are fully protected by proceedings in the state courts. Great Lakes Dredge & Dock Co. et al. v. Huffman, 1943, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407, is not only authority for the general proposition but gives appropriate caution to federal courts on the question of even indirect interference with the regular tax procedure of the states. But that decision did not hold that

declaratory judgment procedure was unavailable where a federal right was threatened and where there was not an adequate remedy available within the state machinery.

■ The federal right involved is set out in Sioux City Bridge Co. v. Dakota County, 1923, 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340, 28 A.L.R. 979. It was there held that intentional and arbitrary assessment of one owner for taxation at its true value, in accordance with the State Constitution and laws, while other like property is systematically assessed much lower, is a violation of the equal protection of the laws. This proposition has been reiterated in Cumberland Coal Co. v. Board of Revision of Tax Assessments in Greene County, Pennsylvania, 1931, 284 U.S. 23, 52 S.Ct. 48, 76 L.Ed. 146, and in Iowa-Des Moines National Bank v. Bennett, Chairman et al., 1931, 284 U.S. 239, 52 S.Ct. 133, 76 L.Ed. 265.

■ New Jersey makes provision for taxpayers who consider their legal rights to have been infringed by acts of taxing authorities. There is an appeal provided to the State Board of Tax Appeals. Borough of Oradell v. State Board of Tax Appeals, 1940, 125 N.J.L. 37, 13 A.2d 479. Procedure on certiorari may be invoked to review the Board's decision. Town of Kearny v. State Board of Taxes and Assessment et al., 1926, 103 N.J.L. 26, 135 A. 61. There is appeal to the Court of Errors and Appeals. General Motors Corporation v. State Board of Tax Appeals et al., 1932, 125 N.J.L. 574, 16 A.2d 632.

But when one turns to the New Jersey decisions upon the point covered in the Supreme Court cases above cited to compare the local rule of law, there is found this authoritative statement by Gummere, C. J., in Royal Mfg. Co. v. Board of Equalization of Taxes of New Jersey, 1909, 78 N.J.L. 337, 74 A. 525, 526: "The action of the taxing authorities in assessing other property in the same taxing district at less than its true value afforded no reason for reducing the assessment upon the prosecutor's property to less than its true value; for the Constitution requires that property shall be assessed for taxation according to its true value, and a reduction below true value would be a violation of that constitutional provision." This rule is reiterated in other decisions. See State (Maxson et al., Prosecutors) v. Segoine, Collector,

1891, 53 N.J.L. 339, 21 A. 852, aff'd 1891, 54 N.J.L. 212, 25 A. 963; State, Wharton, Prosecutor v. A. E. Koster, Collector of Washington Township, Burlington County, 1876, 38 N.J.L. 308. In the latest case on the subject the court said: "It is the established law of this state that the fact that other property in a taxing district is assessed for valuation at less than its true value affords no ground for reducing the assessment placed upon the property of a complaining taxpayer below the true value thereof. * * * The petitioners concede this to be true but contend that the rule to the contrary, as announced in the cases of which Sioux City Bridge Co. v. Dakota County * * * is typical, should be followed * * *. A substantially like contention was made and denied by this court * * *. The law, on this point, is also settled and controlling." Lehigh Valley R. Co. of New Jersey v. State Board of Taxes and Appeals et al., 1934, 174 A. 359, 12 N.J. Misc. 673.

The appellants contend that Central R. Co. of New Jersey v. State Tax Department et al., 1933, 112 N.J.L. 5, 169 A. 489, certiorari denied 1934, 293 U.S. 568, 55 S. Ct. 79, 79 L.Ed. 667, has established the state law to the contrary and that the subsequent decision just quoted from must be disregarded as evidence of state law. We disagree. It is true that the court in the Central Railroad decision referred to the Sioux City Bridge case in that opinion citing it for the proposition that undervaluation must be established as an adopted practice. What the court decided, however, was that the testimony offered in the particular litigation could not justify a finding of organized effort on the part of local assessors to assess local property at less than true value. The same judge who wrote the opinion in this case also wrote the opinion in the Lehigh Valley case cited above. It is quite evident from the language used by him and his failure even to cite his earlier opinion that he did not think that the decision in the Central R. Co. case had overruled earlier decisions and changed the state law. We conclude that the view of the New Jersey courts upon the point is still that set out in the quotation from Mr. Chief Justice Gummere and the conflict between state law and federal right is still that which appears in the discussion of this court in Central R. Co. of New Jersey v. Martin, State Tax Com'r. et al., 3 Cir., 1933, 65 F.2d 613.

The plaintiff's complaint alleged facts which showed a violation of the right set out by the Supreme Court in the Sioux City Bridge case. Appeal to the state courts, as shown in the state decisions cited, shows that such appeal would be unavailing to protect a constitutional right. Under those circumstances, the state procedure is not speedy, efficient or adequate. Union Pacific Railroad Co. v. Board of County Commissioners of the County of Weld, State of Colorado, et al., 1918, 247 U.S. 282, 38 S.Ct. 510, 62 L.Ed. 1110; Dawson, Attorney General of the State of Kentucky et al., v. Kentucky Distilleries & Warehouse Co., 1921, 255 U.S. 288, 41 S.Ct. 272, 65 L.Ed. 638. We conclude that the jurisdiction of the federal court in a declaratory judgment suit was properly invoked. See Spector Motor Service v. McLaughlin, Tax Commissioner, 1944, 323 U.S. 101, 65 S.Ct. 152.

■ The point upon which the plaintiff won, in the District Court, was not the constitutional question, but that of the invalidity of the assessment under New Jersey law. This is shown in the plaintiff's motion for judgment and the opinion of the court in granting it. Since the foundation for federal jurisdiction existed, however, that jurisdiction continued for the settlement of the controversy "even though [the court] decided the Federal questions adversely to the party raising them, or even if it omitted to decide them at all, but decided the case on local or state questions only." Siler et al. v. Louisville & Nashville R. Co., 1909, 213 U.S. 175, 191, 29 S.Ct. 451, 455, 53 L.Ed. 753; Greene, Auditor, et al., Constituting The Board of Valuation and Assessment for the State of Kentucky et al., v. Louisville & Interurban R. Co., 1917, 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280, Ann. Cas.1917E, 88; Chicago Great Western R. Co. v. Kendall, Governor of the State of Iowa, et al., 1924, 266 U.S. 94, 45 S.Ct. 55, 69 L.Ed. 183; Hurn et al. v. Oursler et al., 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

As already said, the decision in favor of the plaintiff was given, not on the constitutional ground of discrimination, but on the invalidity of the assessment under the law of New Jersey. A short statement of the formal setting of this portion of the case is relevant.

The complaint alleges that prior to October 1, 1940, plaintiff "deliberately and intentionally * * * established her residence and domicile in * * * [the] Territory of Hawaii * * *"; that on November 7, 1940, while residing there, defendant tax assessor of the Township of Hillsborough, in the County of Somerset, State of New Jersey, wrote her a letter directed to her at Duke Farms, Hillsborough Township, asking her to give a true account of her personalty as of October, 1940, for the purpose of fixing a proper assessment. On December 4, 1940, her attorney acknowledged receipt of the letter on her behalf stating she was not taxable in the Township with respect to personalty as she was not a resident of New Jersey.

On June 26, 1941, as a result of the application of one Horner, a resident and taxpayer and the collector of taxes of Hillsborough Township, the Somerset County Board of Taxation adopted a resolution that plaintiff was a resident of Hillsborough Township on October 1, 1939, and that taxable intangible personalty owned by her on that date and omitted from assessment for the year 1940 be assessed against her in the sum of $60,054,424. A like resolution was adopted for intangible personalty owned by her on October 1, 1940, which had been omitted for 1941.

Resolutions were also adopted against plaintiff as trustee of the Duke Endowment for $161,886,014 omitted from assessment for 1940 and 1941. Certified copies of the resolutions and schedules annexed thereto were mailed to plaintiff at her home in Hillsborough Township, June 27, 1941, when she was advised that the next regular meeting would be held July 14, 1941. She did not appear but instituted suit on that day.

The assessments were made pursuant to 54:3–20 of the Revised Statutes of New Jersey, 1937, N.J.S.A. 54:3–20, which provides: "The county board of taxation shall, by resolution, cause to be entered upon the tax duplicate a proper assessment against any property omitted by the assessor. The board shall then give immediate notice of such entry and of the time and place of its next meeting to the owner of the property affected, and furnish a copy of the entry to the clerk or collector of the taxing district, who shall enter it on his tax list."

Following in the same section, and with no paragraph break, it is provided, "On the written complaint of the collector, or any taxpayer of the taxing district or of the governing body thereof, that property

specified has been omitted in the assessment, the county board, on five days' notice in writing to the owner by the party complaining, and after due examination and hearing, may enter the omitted property on the duplicate by judgment rendered within ten days after the hearing. * * * Such proceedings may be brought within one year from the date when taxes on real property become a lien."

54:4–55 of the Statutes provides: "The county board of taxation shall, on or before April first in each year, cause the corrected, revised and completed duplicates, certified by it to be a true record of the taxes assessed, to be delivered to the collectors of the various taxing districts in the county, and the tax lists shall remain in the office of the board as a public record."

▪ If the assessments here were made under the first above quoted procedure, R. S.1937—54:4–55, N.J.S.A. 54:4–55, which requires all revisions of tax lists to be made on or before April first in each year, would seem to invalidate the assessments since they were made in June. If made under the second above-quoted procedure requiring five days' written notice and a hearing, they were likewise erroneously made as the Board did not conform to the specified requirements.

▪ Appellants urge, however, that under R.S.1937—54:4–58, N.J.S.A. 54:4–58, and 54:4–59, N.J.S.A. 54:4–59[1] (the remedial statutes) irregularities in proceedings will not avoid the payment of taxes if in fact they are owed. Conover v. Honce, 1884, 46 N.J.L. 347; State ex rel. Saunders v. Morris, Collector, etc., 1886, 48 N.J.L. 99, 2 A. 666; Musconetcong Iron Works v. Borough of Netcong et al. 1917, 90 N.J.L. 58, 99 A. 914; Manistee Iron Works Co. v. Raritan Township et al. 1934, 170 A. 39, 12 N.J.Misc. 143; Ridgewood Elks Holding Corporation v. Village of Ridgewood et al., 1941, 127 N.J.L. 295, 22 A.2d 266.

But in the latest New Jersey decision upon the subject, Duke Power Co. v. State Board of Tax Appeals et al., 1943, 129 N.J. L. 449, 30 A.2d 416, 420, affirmed, 1944, 131 N.J.L. 275, 36 A.2d 201, it was stated that the remedial statutes have not been a substitute for proper assessment, the court adding that they have been applied "only in instances where property has been omitted by the assessor or has been assessed in the name of one other than the true owner. Musconetcong Iron Works v. Borough of Netcong, 90 N.J.L. 58, 99 A. 914; Manistee Iron Works v. Raritan, 170 A. 39, 12 N.J. Misc. 143. But they do not apply where the statute for the addition of property omitted from the assessment is not complied with. Mitsch v. Riverside [Tp.], 86 N.J.L. 603, 92 A. 436; Shillingsburg v. Greenwich [Tp.], 83 N.J.L. 129, 83 A. 644."

The appellants attack the quoted statement as dictum pointing out that it was proved that the property sought to be taxed was found by the court not to be subject to taxation in New Jersey. Such was one ground for the decision, no doubt. But the decision was squarely rested on both the non-taxability of the property and the erroneous nature of the procedure. We see not the slightest reason for supposing that the court did not mean just what it said when it rested its decision on both points.

▪ There was filed, in the District Court, a supporting affidavit executed by counsel for the plaintiff. The appellant criticizes the document for lack of conformity to Federal Rules of Civil Procedure, rule 56(e), 28 U.S.C.A. following section 723c. Portions of the affidavit do not conform to the rule. But disregarding them, there is still sufficient in the "entire record" upon which the District Judge based his decision, to bring the case within the hold-

---

[1] "54:4–58. Tax, assessment or water rate not set aside for irregularities or illegality

"No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact, liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax, assessment or rate is levied, assessed or laid."

"54:4–59. Court to amend and fix amount due

"The court in which any action, suit or proceeding is or shall be pending to review any such tax, assessment or water rate shall amend all irregularities, errors or defects, and may if necessary ascertain and determine the sum for which the person or property was legally liable and by order or decree fix the amount thereof. The sum so fixed shall be the amount of tax, assessment or water rate for which the person or property shall be liable."

ing of the Court of Errors and Appeals in the Duke Power case and to support the decision reached.

The judgment of the District Court is affirmed.