THE PRESS PRINTING COMPANY v̇. THE STATE BOARD OF
ASSESSORS.

1. The business in which the capital of a corporation is invested, and not the objects for which the company was incorporated, as expressed in the certificate of incorporation, determines its liability to taxation under the Tax law of April 18th, 1884. *Rev. Sup., p.* 1016.

2. A company incorporated for the purpose of printing and publishing books and general job printing and publishing a newspaper, is a manufacturing company with respect to its business of printing books and job printing, and is exempt from taxation on so much of its capital as is invested in that branch of business; but with respect to its business of printing and publishing a newspaper, it is not a manufacturing company, and is taxable on that part of its capital which is invested in the latter branch of business.

3. The act of March 23d, 1881 (*Rev. Sup., p.* 602, § 407), authorizes the apportionment of a tax, setting aside so much as is illegal and affirming that part for which the person or property is legally liable to taxation.

On *certiorari.*

Argued at June Term, 1888, before Justices DEPUE, VAN SYCKEL and DIXON.

For the prosecutor, *Gilbert Collins.*

Contra, *William T. Hoffman.*

The opinion of the court was delivered by

DEPUE, J.   The prosecutor was incorporated by a certificate filed under the General Corporation act of this state, with capital stock amounting to $75,000.   The objects for which the company was formed, as set forth in the certificate, were "the printing and publishing of a newspaper or newspapers, and the business of printing, publishing and selling books, blank-books and stationery, and the general business of job printing."

The fourth section of the act of April 18th, 1884, providing for state taxes upon certain corporations, after imposing a tax

of a percentage upon the gross amount of receipts, premiums or dividends of certain companies, such as telegraph, telephone, express companies, &c., enacted that all other corporations incorporated under the laws of this state not thereinbefore provided for, should pay a yearly license fee or tax of one-tenth of one per centum on the amount of the capital stock, with a proviso that the act should not apply to railway, canal or banking corporations, or to savings banks, cemeteries or religious corporations, or purely charitable or educational associations, or manufacturing or mining companies carrying on business in this state. *Rev. Sup., p.* 1016. Under this act a tax of the prescribed percentage was laid upon the entire capital stock of the prosecutor. This writ of *certiorari* brings up the legality of the assessment.

The tax imposed by the statute is a license fee for exercising corporate franchises, and is laid with respect to the capital stock for the privilege of transacting business in this state. The business in which the capital is invested and used, and not the purposes for which the company was formed, as expressed in the certificate of incorporation, determines its liability to this mode of taxation. *Evening Journal Association* v. *State Board*, 18 *Vroom* 36. In the case just cited it was held that a company carrying on the business of printing and publishing a newspaper was not a manufacturing company within the meaning of the exemption in the fourth section of the act; but that a company carrying on the business of book printing, job printing, engraving, electrotyping and lithographing, which manufactured only on orders, was a manufacturing company within the meaning of the proviso. In that case the corporation held not to be exempt from taxation included in its certificate of incorporation general jobbing, printing and publishing, as well as the business of printing and publishing a newspaper. This court held that whether the company was a manufacturing company or not, within the meaning of the proviso, was determined by the character of the business in which its capital was employed, and that inasmuch as the business in which its capital was invested was

printing and publishing a newspaper, which was not a manufacturing business, the company could not claim the exemption.

The act specifically designates telegraph, telephone, cable and express companies, gas and electric light companies, oil or pipe line companies, insurance companies, parlor, palace car and sleeping car companies, for taxation in a particular manner. It also specifically designates railroad, canal and banking corporations, savings banks, cemeteries and religious corporations, and purely charitable or educational associations, as exempt from taxation under the act. All other corporations are grouped together for taxation on capital stock except manufacturing and mining companies carrying on business in this state, which are also to be exempt. In this scheme of taxation, the obvious purpose was to exempt from this species of tax capital invested in the manufacturing or mining business in this state. The exemption must be restricted to such corporations as are in fact manufacturing or mining companies (*Evening Journal Association* v. *State Board, supra; People* v. *Knickerbocker Ice Co.*, 99 *N. Y.* 181; *Nassau Gas Light Co.* v. *Brooklyn*, 89 *Id.* 409), and should be limited to that part of the company's capital stock which is invested and used in such business.

The prosecutor is a manufacturing company within the exemption so far as concerns its business of printing and publishing books and general job printing, but it is not such a company, within the meaning of the statute, with respect to its business of printing and publishing a newspaper. In one sense the prosecutor is a manufacturing company; in another sense it is not; and it cannot claim exemption under the statute on business which is not within the proviso on the ground that part of its capital is employed in a business which falls within the proviso.

The act of March 23d, 1881 (*Rev. Sup., p.* 602, § 407), which prohibits the setting aside of any tax or assessment if the person against whom, or the property upon which, the tax or assessment is laid, is in fact liable to taxation or assessment

in respect of the purpose for which such tax or assessment is laid or assessed, and empowers the court to ascertain and determine for what sum such person or property is legally liable to taxation or assessment, and to make a proper tax and assessment thereof, provides for the contingency that has arisen in this case.

The depositions show that the two branches of the prosecutor's business are kept distinct, and that of its capital $41,102.21 is invested and used in the newspaper department, and $33,897.79 in the other department.

The tax should be reduced to one-tenth of one per cent. on $41,102.21, and a new assessment for that amount be made, without costs.