RIDGEWOOD ELKS HOLDING CORPORATION, PROSECU-
TOR-APPELLANT, v. VILLAGE OF RIDGEWOOD ET AL.,
DEFENDANTS-RESPONDENTS.

Argued May 22, 1941—Decided October 20, 1941.

For the appellant, *Joseph L. Lippman, Thomas S. Doughty*
and *Milton B. Conford.*

For the respondents, *Thomas L. Zimmerman, Jr.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the
Supreme Court dismissing a writ of *certiorari* allowed to
review a sale of property for unpaid taxes for the years 1938
and 1939. The sale took place October 1st, 1940.

The property was occupied by the Ridgewood Lodge of Elks
and its owner, Ridgewood Elks Holding Corporation, the
prosecutor-appellant herein, contended that it came within
one of the exemption statutes. Therefore an appeal was taken
on the 1937 assessment to the County Board of Taxation
which held that as to the building and five acres of land
there should be an exemption, and that as to the remaining
nine acres of land there should be no exemption. The village
appealed to the State Board of Tax Appeals and that body
determined that no part of the property was entitled to exemp-
tion. That determination has not been challenged directly
and it must be considered as settled that the property does
not come within the statute and is not entitled to exemption.

The State Board decision was not handed down until March 21st, 1939, and in the meantime two assessment dates had gone by. The local assessor assessed 1938 and 1939 taxes in compliance with the judgment of the County Board, that is, exempt as to the building and five acres of land and taxable as to the other nine acres. The appellant paid the taxes levied. Shortly after the State Board decision on the 1937 assessment, the assessor changed his tax duplicates to indicate an assessment upon the entire property for the years 1938 and 1939. The appellant claims it had no notice of this until August, 1940, and shortly thereafter, on October 1st, the sale was held. It did, however, have knowledge of the decision of the State Board with respect to the prior year's assessment.

A writ of *certiorari* was allowed to review the sale only and the Supreme Court dismissed the writ.

Although the direct attack involved herein is only upon the sale and the assessment itself is not brought up by the writ, the invalidity claimed in the sale is that it was not based upon a proper assessment, the argument being that the action of the assessor in changing his assessment records when he did was without warrant and ineffectual to bring about a proper assessment. A judgment for the appellant in this cause would merely result in setting aside the sale, but it would necessarily have to be based upon a finding that the assessment on the records for the years in question was invalid; and this in a proceeding where the assessment itself is not brought up for direct review.

In this situation, we think *R. S.* 54:4-58 applies. That section reads:

"No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact, liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax, assessment or rate is levied, assessed or laid."

This section and its predecessor statutes (originally *Pamph.*

*L.* 1881, *p.* 194) have been given broad effect by the courts. In *Conover* v. *Honce,* 46 *N. J. L.* 347, Chief Justice Beasley said:

"As I read that act, its effect is to destroy, root and branch, the power to defeat such a proceeding except upon a meritorious ground. If the person or the property be not taxable, the processes of appeal and *certiorari* retain their usual efficacy, but, touching forms and irregularities of procedure, they have been stripped of all force whatever. In fact, the statute, in very terms, declares that such shall be its effect. * * * The expressed purpose of this law, therefore, is to prevent, for the future, the frustration of taxation on the ground of erroneous procedure, * * *."

In *Dodge* v. *Love,* 47 *N. J. L.* 436; *affirmed,* 49 *Id.* 235, it was said:

"The act is remedial and should be liberally construed to embrace within its scope all the steps necessarily taken in levying the public revenues. That such was the legislative purpose is manifested by the fact that its operation is expressly extended to the proceedings for the collection as well as for the assessment of taxes. It could not have been intended to exclude the intermediate steps between the initial and final procedure."

In *Saunders* v. *Morris,* 48 *N. J. L.* 99, the Supreme Court held that the taxes under review were improperly assessed, and then said:

"But it does not thence follow that the court should set them aside. There is nothing in the state of the case to indicate, nor does the prosecutor assert, that he was not liable to taxation in the district when these taxes were levied, or that they exceed the sums justly assessable against him. Under such circumstances, the general act respecting taxes, assessments and water rents, approved March 23d, 1881 (*Pamph. L., p.* 194) prohibits the court from annulling taxes merely because of illegality in the assessment of the same, and makes it our duty to see that the complaining taxpayer bears his fair share of the common burthen."

In *Newark and Hackensack Traction Co.* v. *North Arlington,* 65 *N. J. L.* 150, the *certiorari* was allowed to review a

warrant commanding the tax collector to sell property for unpaid taxes. The ground of attack on the warrant was an error in the assessment. The court applied the statute and refused to set aside the warrant, holding "The prosecutor's challenge of the legality of the tax and consequent warrant for its collection cannot be sustained." There, as in the instant case, the writ brought up not the assessment itself but the proceeding for the collection of the tax, the warrant in that case and the sale here.

Our view then is that in an attack upon a proceeding for the collection of a tax, where the invalidity claimed is one in the assessment, the quoted statute applies, and we should not set aside a sale upon the ground that the assessment was irregularly made if the property is, in fact, liable to the tax which was sought to be imposed. If the *certiorari* were to review the assessment itself, under *R. S.* 54:4-59, the court would be under the duty to correct all irregularities and errors and determine the sum for which the property was legally liable and fix the amount thereof. In any event, we think we should not set aside the sale upon a holding that the assessment was irregularly made in the face of the statutory direction that assessments shall not be voided when the property is liable for the tax levied.

The question remains, was this property subject to taxation? The only argument to the contrary is that it was exempt property. But that question has been settled to the contrary in the decision of the State Board of Tax Appeals in the 1937 case. There is no claim that the use to which the property was devoted was different in 1938 and 1939 from the use in 1937. The State Board decision was not challenged on *certiorari* and it stands as fixing the taxing status of the property until it is changed in some direct proceeding. It cannot be collaterally attacked in the present suit. We find therefore that the property of the appellant was subject to taxation at the general rate in the municipality.

The purpose of the statute, as construed in the several cases, being to insure that all property properly taxable shall not escape its share of the burden due to irregularities or errors of form in laying the assessment, we conclude that the sale,

a proceeding to collect the tax, should not be disturbed for such an irregularity.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, DONGES, COLIE, DEAR, WELLS, WOLFSKEIL, HAGUE, JJ. 9.

*For reversal*—PARKER, HEHER, RAFFERTY, THOMPSON, JJ. 4.