SMALL, P.J.T.C.
This opinion discusses the ability of an assessor to correct the assessment of an apartment building which had been converted to separate condominium units in 1995 but was improperly assessed as a single line item from 1995 through 2002.
This matter is before me on plaintiff, 303, Inc.’s, motion for partial summary judgment, seeking to cancel the 2000 assessment of its property. A previous opinion of this court affirmed (for reasons not discussed here and not relevant to the determinations made by this opinion) the imposition of omitted assessments for the tax years 2001 and 2002 on eight condominium units owned by plaintiff that had been previously assessed as part of a single line item apartment building. N.J.S.A. 54:4-63.12. Plaintiff filed a correction of errors complaint to void the assessment of the apartment building as a single line item for the tax years 2000 through 2002. N.J.S.A. 54:51A-7. The defendant has conceded to the voiding of the 2001 and 2002 single line item assessments. Thus, the only issue before the court at this time is whether the improper 2000 tax assessment is correctable.
For tax years 2000, 2001, and 2002, the original assessment for the property located at 303 E. 26th Avenue and designated as Block 257, Lot 13 in the City of North Wildwood was as follows:
Land $121,200
Improvements $394,800
Total $516,000
*380 I summarize the question addressed and my findings as follows: Was the improper assessment of an apartment building consisting of eight separately assessable condominium units as a single line item a correctable error under N.J.S.A. 54:51A-7? I find that it was not. I find that after the assessor made omitted assessments of each of the eight condominium units for 2001 and 2002, the errors in imposing single assessments on the apartment building for 2001 and 2002 were correctable under N.J.S.A 54:4-54. Because the factual basis of correction for the 2001 and 2002 assessments is the imposition of the omitted assessments for the eight condominiums for 2001 and 2002 and there is no omitted assessment for 2000, the 2000 assessment must stand.
I.
When deciding a motion for summary judgment under R. 4:46-2, the determination whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party. Brill v. Guardian Life Insurance Co., 142 N.J. 520, 523, 666 A.2d 146 (1995). In this case, both parties agree on the pertinent facts.
In 1992, plaintiff erected an eight unit residential building upon the subject property. In November 1995, plaintiff filed a master deed in the office of the Cape May County Clerk subdividing the property into eight individual condominium units. On April 19, 2002, plaintiff sold unit # 5. On May 31, 2002, plaintiff sold unit # 4. On May 29, 2002, defendant filed omitted assessment complaints under N.J.S.A. 54:4-63.12 with the Cape May County Board of Taxation against each of the eight separate condominium units for tax years 2001 and 2002. Prior to this time, the property was shown on the records as a single line item and assessed as one property. On June 18, 2002, the Cape May County Board of *381 Taxation rendered judgments separately assessing each of the eight units for 2001 and 2002.
Plaintiff filed a complaint in this court seeking to overturn the judgments of the Cape May County Board of Taxation. Citrino[1] v. City of North Wildwood, Docket Nos. 004355-2002, 004356-2002 (Tax 2002). On May 30, 2003, defendant filed a motion for summary judgment with this court. On June 2, 2003, plaintiff filed a cross-motion for summary judgment. On November 7, 2003, oral arguments were heard regarding those motions. In an unpublished opinion, this court granted partial summary judgment to the defendant, holding that the imposition of the eight omitted assessments for 2001 and 2002 was proper. The court scheduled further proceedings to determine the amount of the assessment of each of the eight individual condominiums.
As part of the opinion in that case, this court suggested that plaintiff might be entitled to correction of errors relief under N.J.S.A. 54:51A-7 to void the assessment of the property as a single line item for the tax years 2000 through 2002. On November 12, 2003, plaintiff filed a correction of errors complaint to void the assessments on the single line item for the tax years 2000 through 2002. Defendant consented to the relief for the years 2001 and 2002 because the court had already held that the omitted assessments for the eight condominium units for those years were proper. On December 30, 2003, plaintiff filed a motion for partial summary judgment seeking to void the assessment on the single line item for the tax year 2000. Because the limitation period for the correction of errors statute is longer than the limitation period for making omitted assessments, if successful, plaintiffs motion would have the effect of removing any assessment of the subject property for 2000, and making it tax free for that year.
*382 Considering all of the facts and the law, I have determined that even though the municipality consented to the removal of the single line item assessment for 2001 and 2002 in response to a correction of errors complaint filed under N.J.S.A. 54:51A-7, the authority for that consent was not N.J.S.A. 54:51A-7 but N.J.S.A. 54:4-54. Accordingly, the 2000 year assessment is fixed because, although it would be within the three year period for the correction of errors statute, N.J.S.A. 54:51A-7, it is not a correctable error.
II.
In its motion for summary judgment, plaintiff argues that because this court has held that the assessments on the single property were improper once the property had been subdivided into condominiums in 1995, and because the original assessments on the property for the tax year 2001 and 2002 were voided, this court should now also void the assessment for the tax year 2000.
Defendant argues first that the assessment of the property as a single line item for the tax year 2000 rather than as eight condominiums is not a correctable error. Furthermore, defendant argues, the relief sought in this motion is not available since, if plaintiff prevails on this motion, it will essentially escape taxation for the tax year 2000. Defendant argues that this result will violate N.J. Const. art. VIII, §§ 1, 1a, 2 and N.J.S.A. 54:4-28.
III.
I conclude that the improper assessment on the apartment building as a single line item is not a correctable error under N.J.S.A. 54.-51A-7.
N.J.S.A. 54:51A-7 states:
The tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments ... The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor’s opinion or judgment.
*383 The phrase “mistakes in tax assessments” must be construed liberally, and the court should apply the statute to all cases in which the mistakes are not subject to debate about whether the assessment to be corrected resulted from an assessor’s exercise of discretion. Hovbilt, Inc. v. Howell Tp., 138 N.J. 598, 617-18, 651 A.2d 77 (1994). Mistakes in assessments that are indisputable, and cannot plausibly be explained on the basis of an exercise of judgment or discretion by the assessor or his or her staff, are within the category of mistakes that can be corrected under the statute. Id. at 618, 651 A.2d 77. The correct assessment must be “readily inferable or subject to ready calculation” on the basis of the assessment mistake for which correction is authorized. Id. at 619, 651 A.2d 77.
In support of its position that the actions alleged are not correctable errors, defendant cites McElwee v. Ocean City, 7 N.J.Tax 355 (Tax 1985) and H.G.K.W. Corp. v. East Brunswick Township, 8 N.J.Tax 454 (Tax 1986). McElwee, supra, involved an improper assessment of conventional residential property as if it were a condominium. The plaintiffs were owners of residential beach-front property. In 1983, they constructed a two-story detached residential building, with a separate apartment on each floor. In July 1983, they prepared a “master deed,” with the intention of establishing a condominium form of ownership of the property. Prior to the recording of the deed, the plaintiffs decided not to establish a condominium form of ownership and took no action to establish a condominium association, the entity to which the property was to be transferred. The plaintiffs learned that the deed had been erroneously recorded on August 8, 1983, and although they filed a corrective deed on August 10, 1983, the corrective deed was not recorded until January 26, 1984, after an added assessment for 1983 and the regular assessment for 1984 had been made. The property was assessed as a condominium for four months of 1983 and for the tax year 1984. The plaintiffs sought relief under the correction of errors statute “due to inadvertent clerical errors in the recording of the master deed and the delayed recording of the revocation deed.” Id. at 359. The Tax Court denied relief. The court held that because the “alleged *384 mistake involves an assessor’s opinion[,] this court is expressly prohibited from considering this complaint under this correction of error [sic] statute.” Id. at 363. The court limited “mistakes in tax assessments” to “errors mathematical or technical in nature committed by the assessor or someone within the agency, employment or control of the taxing district.” Id. at 362. The court specifically held that, “an incorrect assessment” which is the result of incorrect data relied upon by an assessor in formulating his final opinion of value is not to be corrected under this statute; instead, it is remedial by way of a regular appeal timely filed with the county board under N.J.S.A. 54:3-21. Ibid.
H.G.K.W. Corp., supra, involved the question of whether an assessor, acting under the assumption that a statute was unconstitutional, erred in failing to accord the plaintiffs property the exemption authorized by the statute. N.J.S.A. 54:4-23a provided that a newly-constructed structure intended for residential occupancy should not be added to the assessment list as taxable real property until a certificate of occupancy had been issued and the building was actually occupied. The building could not be omitted from the assessment list for a period greater than twenty-four months. In July 1984, the Law Division held that N.J.S.A. 54:4-23a was special legislation in violation of Article VIII of the New Jersey Constitution. In October 1984, the assessor, based on the prevailing rule of law, imposed improvement assessments on the plaintiffs five lots, four of which were incomplete condominium units, and the fifth an unfinished residential dwelling. Approximately one year after the date of the assessments, the Appellate Division held that N.J.S.A. 54:4-23a was constitutional. The plaintiff challenged the October 1984 assessment, claiming that the property met the criteria for a property tax exemption for new construction pursuant to N.J.S.A. 54:4-23a, and sought relief under the correction of errors statute. The Tax Court granted summary judgment for the defendant, holding that no error existed because the assessor had acted in accordance with the status of the law at that time. H.G.K.W. Corp., supra, 8 N.J.Tax at 462-63. Moreover, the court held that the actions of the tax assessor were not mistakes in tax assessments. Id. at 460. “The *385 language in the statute itself suggests limiting the phrase ‘mistakes in tax assessments’ to errors similar to typographical errors and errors in transposing, i.e., clerical or administrative mistakes or errors.” Ibid.
Plaintiff argues that the defendant fails to recognize that both McElwee, supra, and H.G.K.W. Corp., supra, were effectively, although not explicitly, overruled by Hovbilt, supra. The Supreme Court held in Hovbilt that:
when an error occurs without involvement of an assessor’s exercise of discretion, and its correction is also self-evident and non-discretionary, remediation of that error pursuant to the Correction of Errors statute would effectuate the legislative goal of remedying incontestable assessment errors and avoiding manifest injustice. In our view, avoidance of obvious injustice in the assessment process was the Legislature’s primary objective in enacting and amending the Correction of Errors statute... [M]istakes in assessments that are indisputable, and cannot plausibly be explained on the basis of an exercise of judgment or discretion by the assessor or his or her staff, are within the category of mistakes that can be corrected under the statute.
[138 N.J. at 618 (emphasis added).]
The Supreme Court was critical of the Tax Court’s reluctance to grant correction of errors relief.
The Tax Court’s generally restrictive application of the Correction of Errors statute reflects the view that the statute contemplates only the most limited category of exceptions to the standard tax-appeal procedure.
[Id. at 615, 651 A.2d 77.]
Although we endorse the concerns reflected by the decisions that construe! restriectively the scope of the Correction of Errors statute, we perceive that the statute’s capacity to grant relief in cases involving unquestionable tax-assessment mistakes need not be so narrowly circumscribed.
[Id. at 617, 651 A.2d 77.]
The circumstances in the case now before this court are that the assessor assessed the property as a single parcel rather than as eight condominium units even though a condominium deed had been filed. The filing of the deed makes the mistake self-evident. That mistake cannot be explained by an exercise of the assessor’s judgment.
However, Hovbilt also makes clear that an error is not correctable unless the correction is “self-evident and non-discretionary.” Id. at 618, 651 A.2d 77. In this case, it is self-evident that the single line item should be removed and replaced by eight separate *386 assessments. Nevertheless, the appropriate amount of the eight assessments is anything but self-evident and non-discretionary. The assessor must exercise judgment in order to quantify the assessments on the eight separate line items. Thus, the improper assessment of the eight separate units as a single line item is not a correctable error under N.J.S.A. 54:51A-7 for either 2000, 2001, or 2002. Although the assessor could correct his mistake through the omitted assessment procedure of N.J.S.A. 54:4-63.12 for 2002 and 2001, the 2000 amount is not correctable under either N.J.S.A. 54:51A-7 or N.J.S.A. 54:4-63.12 which only reaches back two years.
IV.
Plaintiff argues that the refusal to correct the single line item assessment for the 2000 tax year would be inconsistent with a previous unpublished ruling of this Court.[2] In that case, I considered a former office building that was reconfigured into thirteen condominium units. On August 2,1974, the municipality’s municipal council enacted a resolution granting a tax exemption to the building, and the municipality signed an agreement granting the building a twenty-five year tax abatement. The building continued to be assessed as a single line item. Sometime in 1989, the *387 municipality concluded that the property should not be exempt from taxation. In 1990, the taxpayer received notice of an added omitted assessment of the entire building for 1989. I concluded that the building was not subject to taxation as a single parcel in 1989 or 1990. I therefore canceled the 1989 added omitted assessment and the 1990 assessment. The individual units were not assessed in either year. As a result of my decision, the building and the individual units escaped taxation for 1989 and 1990, not because they were not subject to taxation but because the assessor had assessed a single line item, which no longer existed, instead of assessing the thirteen separate condominiums.
Plaintiffs attorney now argues that I should follow this prior decision and void the improper 2000 assessment of the single line item under authority of N.J.S.A. 54:51A-7. It is well settled that “no unpublished opinion shall constitute precedent or be binding upon any court.” R. 1:36-3; see also, Trinity Cemetery Assoc. v. Tp. of Wall, 170 N.J. 39, 48, 784 A.2d 52 (2001) (unreported decision serves no precedential value and cannot reliably be considered part of our common law); Glukowsky v. Equity One, Inc., 360 N.J.Super. 1, 28, 821 A.2d 485 (App.Div. 2003), cert. granted 177 N.J. 575, 832 A.2d 325 (2003) (unpublished decision has no precedential value and mentioned only for completeness, not as precedent); In re Bacharach, 344 N.J.Super. 126, 133, 780 A.2d 579 (App.Div.2001) (unpublished opinion lacks authority). Furthermore, absent an Appellate Division decision, even a published trial court determination does not need to be followed. State v. Johnson, 203 N.J.Super. 436, 438, 497 A.2d 242 (Law Div.1985). The doctrine of stare decisis does not render the courts impotent to correct their past errors. State v. Int’l Fed. of Prof. and Technical Engineers, 169 N.J. 505, 534, 780 A.2d 525 (2001).
In the previous unreported case, the individual units were not assessed in either year. In this case, they were ultimately assessed for 2001 and 2002. As a result of my decision in that case the property completely escaped taxation for 1989 and 1990. I did not discuss the applicability of N.J.S.A. 54:4-58 through -60, which might have allowed me to impose separate condominium *388 assessments after voiding the single line item assessment.[3] Had *389 the issue been raised, I may well have ruled differently. Thus, to the extent that N.J.S.A. 54:4-58 through -60 was applicable in that case my decision may have been wrong. The precise purpose of these statutes, as discussed in precedents dating back to the 19th Century, is to grant the courts the equitable power, consistent with constitutional protections, to prevent a property owner from escaping taxation on a purely technical error of assessment.
V.
North Wildwood consented to the removal of the improper assessment of the subject property as a single line item for the *390 years 2001 and 2002. The principal basis for that consent was equity and logic: the omitted assessments for the eight separate line items for those years were proper; the single assessment was improper; one property should not be assessed twice in any year — even if the period for filing a regular appeal had expired and the nature of the error was not correctable under N.J.S.A. 54:51A-7. But taxation is more generally governed by rules of law than equity — and there is a statutory basis for the removal of the improper assessment of the single line item under N.J.S.A. 54:4-54.
Where by mistake property real or personal has been twice entered and assessed on the tax duplicate, the governing body of the taxing district or county board of taxation may order and cause the tax record to be corrected and if the tax has been twice paid the governing body of the taxing district shall refund the excessive payment without interest.
[N.J.S.A. 54:4-54.]
Our Supreme Court has stated:
All in all, it seems clear to us that a simple and expeditious remedy, without the rigamarole of a formal appeal to the county board, has been provided by N.J.S.A. 54:4-54 for the correction of the kind of clerical mistakes specified therein which are discovered after the tax list and duplicate have left the assessor’s hands, and that the mistakes made here come within the intendment of the first sentence of the section. It is only just that the municipality and not the wronged taxpayer should bear the burden of the unilateral clerical errors of an assessor resulting in the payment of taxes to which the municipality is not entitled.
[Farmingdale Realty Co. v. Farmingdale, 55 N.J. 103, 110-111, 259 A.2d 708 (1969), quoted by McShain v. Evesham Tp., 163 N.J.Super. 522, 527, 395 A.2d 251 (App.Div.1978).]
Thus, the basis for the relief granted by removing the single line item assessments for 2001 and 2002 is N.J.S.A. 54:4-54 and not N.J.S.A. 54:51A-7. Because relief is not based on the latter statute, there is no automatic relief extended for a third year (2000). The relief provided by N.J.S.A. 54:4-54 is available for twice assessed property. Since the omitted assessment statute, which provides the basis for assessing the eight separate condominiums, only extends to 2001 and 2002, and since the property *391 was not assessed twice in 2000, the correction of errors relief requested by plaintiff is inapplicable.
VI.
In sum, I hold that the improper assessment on the apartment building as a single line item is a correctable error under N.J.S.A. 51:4-54 only for the years in which an omitted assessment was properly placed on the eight separate condominiums, 2001 and 2002. Thus for the year 2000 the original assessment of the property as a single line item is affirmed because the time to appeal that amount expired on April 1, 2000. N.J.S.A. 54:51A-9; N.J.S.A. 54:3-21. The error is not of the type correctable under N.J.S.A. 54:51A-7 and Hovbilt v. Howell Tp., supra. No relief under N.J.S.A. 54:4-54 is available for 2000 because the property was not twice assessed.
Plaintiffs motion with respect to the 2001 and 2002 years is granted by consent. Plaintiffs motion with respect to the tax year 2000 is denied. An order consolidating the remainder of this case with Citrino v. City of North Wildwood, supra, will be entered. What remains to be decided is the proper amount of each of the eight separate assessments for 2001 and 2002. The attorneys will contact the court to schedule resolution of the valuation issues remaining to be determined.

 This action was filed by 303, Inc., the original owner of the eight unit apartment house. On conversion of the apartment house to eight separate condominium units, 303, Inc. transferred each of the units to Mr. Citrino, the sole shareholder of 303, Inc. Mr. Citrino brought the original actions contesting the omitted assessments of the eight individually owned condominium units.

 Bank Building Apts., Inc. v. City of Jersey City, Docket Nos. 003924 — 1991, 009633-1991 (Tax Dec. 20, 1994). R. 1:36-3 states:
No unpublished opinion shall be cited by any court. No unpublished opinion shall be cited to any court by counsel unless all other parties are served with a copy of the opinion and of all other relevant unpublished opinions known to counsel including those adverse to the position of the client.
"The rule does, however, permit unpublished opinions to be called to the attention of any court by a party as a type of secondary research, as long as the party using the unpublished opinion provides all other parties and the court not only with the full text thereof but also with all other relevant unpublished opinions known to him or her, including those adverse to his or her client’s position. Falcon v. American Cyanamid, 221 N.J.Super. 252, 261, 534 A.2d 403 (App.Div.1987).’’ Pressler, Current N.J. Court Rules, comment 2 on R. 1:36-3 (2004). A court may refer to its own earlier unpublished opinion for consistency purposes as long as it is not used as precedent. Gottlob v. Lopez, 205 N.J.Super. 417, 421, 501 A.2d 176 (App.Div.1985), cert. den. 104 N.J. 373, 517 A.2d 384 (1986), cited in Pressler, supra.

 N.J.S.A. 54:4-58 states:
No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact, liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax, assessment or rate is levied, assessed or laid.
N.J.S.A. 54:4-59 states:
The court in which any action, suit or proceeding is or shall be pending to review any such tax, assessment or water rate shall amend all irregularities, errors or defects, and may if necessary ascertain and determine the sum for which the person or property was legally liable and by order or decree fix the amount thereof. The sum so fixed shall be the amount of tax, assessment or water rate for which the person or property shall be liable.
N.J.S.A. 54:4-60 states:
The tax, assessment or water rate when so fixed shall be a first lien or charge upon the property and persons, and collectible in the manner provided by law, the same as if it had been legally levied, assessed or imposed in the first instance by the board or body attempting to make, impose or levy it. The court shall make a proper levy, imposition or assessment in all cases in which there may lawfully be an assessment, imposition or levy.
The above statutes were designed to correct evils arising from the avoidance of taxes and have been liberally construed. Manistee Iron Works Co. v. Raritan Tp., 12 N.J.Misc. 143, 144, 170 A. 39 (Sup.Ct.1934). They prohibit the setting aside of any tax or assessment if the property upon which the assessment is laid is in fact liable to assessment in respect of the purpose for which such assessment is laid or assessed, and empower the court to ascertain and determine for what sum such property is legally liable to taxation or assessment, and to make a proper tax and assessment thereof. Press Printing Co. v. State Bd. of Assessors, 51 N.J.L. 75, 77-78, 16 A. 173 (Sup.Ct.1888). Courts have also held that "if the certiorari were to review the assessment itself ... the court would be under the duty to correct all irregularities and errors and determine the sum for which the property was legally liable and fix the amount thereof." Ridgewood Elks Holding Corp. v. Village of Ridgewood, 127 N.J.L. 295, 298, 22 A.2d 266 (E. & A.1941). Further, the purpose of the statutes, as construed in the several cases, is to insure that all property properly taxable shall not escape its share of the tax burden due to irregularities or errors of form in laying the assessment. Ibid.
In Saunders v. Morris, 48 N.J.L. 99, 101, 2 A. 666 (Sup.Ct.1886), the former Supreme Court of New Jersey held that the taxes under review were improperly assessed, and then said:
But it does not thence follow that the court should set them aside. There is nothing in the state of the case to indicate, nor does the prosecutor assert, that he was not liable to taxation in the district when these taxes were *389 levied, or that they exceed the sums justly assessable against him. Under such circumstances, the general act respecting taxes, assessments and water rents [sic], approved March 23d, 1881, (Pamph.L., p. 194) [now codified as N.J.S.A. 54:4-58 to — 60], prohibits the court from annulling taxes merely because of illegality in the assessment of the same, and makes it our duty to see that the complaining taxpayer bears his fair share of the common burthen.
[Ibid, (citation omitted).]
In applying N.J.S.A. 54:4-58 and upholding the assessment without interest or penalties, the Supreme Court commented that:
A somewhat similar statute was said by this court to be designed to correct evils arising from the evasion of taxes and has been liberally construed. We are forbidden to set aside the tax for irregularity or defect in form or illegality in assessing, laying, or levying the tax if in fact the prosecutor is liable to taxation in respect of the purpose for which the tax is levied. [Manistee Iron Works Co. v. Raritan Tp., supra, 12 N.J.Misc. at 144-45, 170 A. 39.]
N.J.S.A. 54:4-58 through -60 should be construed liberally and applied to amend all mistakes that would result in property, which is otherwise subject to taxation, being exempt or escaping from proper taxation. See, e.g., Ridgewood Elks Holding Corp., supra, 127 N.J.L. at 297, 22 A.2d 266 (the effect of N.J.S.A. 54:4-58 through -60 "is to destroy, root and branch, the power to defeat such a proceeding except upon a meritorious ground ... The expressed purpose of this law, therefore, is to prevent, for the future, the frustration of taxation on the ground of erroneous procedure ... ”); Duke Power Co. v. Hillsborough Tp., 20 N.J.Misc. 240, 251, 26 A.2d 713 (State Bd. of Tax App.1942) ("The courts have been consistent and assiduous in according the broadest possible interpretation to this legislation, to the end that no property legally taxable in this state should escape taxation, through mistake, irregularity, error, or illegality of any kind by officials charged with the assessment, collection, or review of tax assessments.”). The correction of errors statute, N.J.S.A. 54:51A-7, as *390 applied in the unpublished case that plaintiff urges me to follow, resulted in property escaping taxation for which it was otherwise liable.