## TAX COURT OF NEW JERSEY

**MICHAEL J. DUFFY**
Judge



Dr. Martin Luther King, Jr. Justice Building
495 Dr. Martin Luther King, Jr. Blvd., 4th Floor
Newark, New Jersey 07102
Tel: (609) 815-2922, Ext. 54580

### NOT FOR PUBLICATION WITHOUT THE APPROVAL
### OF THE TAX COURT COMMITTEE ON OPINIONS

July 9, 2025

Robert B. McBriar, Esq.
Schenck, Price, Smith & King, LLP
351 Sparta Avenue
Sparta, New Jersey 07871

Kyungkon Choi, pro se
211 Brooks St.
Harrington Park, New Jersey 07640

> Re:  Vernon Township v. Kyungkon Choi
> Tax Court Docket No.: 010151-2023

Dear Mr. McBriar and Ms. Choi:

Plaintiff Vernon Township filed a verified complaint in connection with property previously identified on the municipal tax map as Block 535, Lot 27 ("Lot 27")[1] under the Correction of Errors statute, N.J.S.A. 54:51A-7. The Township asserts that this line item was erroneously created in 2011, as a new building lot in connection with an unperfected subdivision, and that the assessment for tax years 2021, 2022 and 2023 should be cancelled. This letter constitutes the court's opinion following a plenary hearing.[2]

---

[1]  The lot is formerly Block 220.01, Lot 8.01.

[2]  The Township filed a motion for summary judgment, but the supporting documentation contains discrepancies that establish a genuine issue of material fact. The court will deny Plaintiff's motion and enter a Final Order and Judgment based on the supplemented record and witness testimony. Under N.J.S.A. 54:51A-7, the court may require "further proof and grant or deny the complaint as it may deem necessary or proper."






Based on the unique factual record herein, the court finds that the line item for Lot 27 is a correctable error under N.J.S.A. 54:51A-7. The court will enter judgment to correct the assessed valuation for the erroneous Lot 27 to the readily inferable value of $0 for tax years 2021, 2022 and 2023.

## I.      **Facts and Procedural History**

Defendant Kyungkon Choi owned certain property in Vernon, New Jersey, commonly known as 1569 Route 565 and identified on the municipal tax map as Block 535, Lot 17 ("Lot 17").[3] Lot 17 contains a 1,035 sq. ft. single family residential building on an approximate 59,562 sq. ft. or 1.367 acre lot.

The history of this case begins, over fourteen years ago, when Ms. Choi retained an attorney and sought to subdivide Lot 17 in order to construct a new residential building. On April 13, 2011, the Township's Land Use Board granted Ms. Choi's application for minor subdivision approval, creating a new 32,833 sq. ft. or .754 acre building lot (<u>i.e.</u>, Lot 27).[4] The board also granted variance relief as to Lot 17, permitting the resulting undersized 26,729 sq. ft. or .613 acre lot. Under N.J.S.A. 40:55D-47, Ms. Choi was required to record the new subdivision deed within 190 days. It is alleged that the subdivision deed was not filed and, as a result, the municipal approval became null and void. <u>Ibid.</u>

On November 10, 2011, a new property line item was added to the Township's MOD IV Master File for Lot 27. The 2012 Tax List shows Lot 17 as having an assessed value of $241,800 and Lot 27 as having an assessed value of zero ($0). The 2015 Tax List shows Lot 17 as having

---

[3]  The lot is formerly known as Block 220.01, Lot 8.

[4]  The court notes that the square footage for the lots differ in the Land Use Board's resolution and on the property record cards. This discrepancy, however, is not relevant to the court's decision.

   

an assessed value of $241,800 and Lot 27 as having an assessed value of $63,200. Thus, it appears that Lot 27 has been taxed separately since 2015.

Ms. Choi testified that her land use attorney soon retired and that she was under the belief that the subdivision was perfected. Ms. Choi did not move forward with the new construction and, when she attempted to sell two lots in 2023, she was told that she only owned a single lot.

As a result, Ms. Choi's new attorney contacted the assessor's office and disputed the assessment for Lot 27. The municipal assessor testified that she conducted a property record search and could not locate any record of the subdivision deed. On October 16, 2023, the Township filed the verified complaint in the Tax Court of New Jersey to correct the error.

The Township filed a motion for summary judgment, which was unopposed. At the request of the court, the Township provided additional documentation.[5]

A review of the property record cards for the lots reveal the following relevant information:

LOT 27

| | | | Land Calculations | | | | | |
|---|---|---|---|---|---|---|---|---|
| Tax Year | Land Desc. | Acreage | SF: | Unit | Rate | Site | Cond | Value (Land) pre-adj.[6] |
| 2021 | blank | .754 | 32,844 | .754 AC | 5000 | 105000 | .85 | 108205 |
| 2022 | blank | .754 | 32,844 | .754 AC | 5000 | 115000 | .85 | 118205 |
| 2023 | blank | .754 | 32,844 | .754 AC | 5000 | 155000 | .85 | 158205 |

---

[5]  For Lot 17, the court requested the property record card and tax list entry for tax years 2011, 2021, 2022 and 2023. For Lot 27, the court requested the property record card and tax list entry for tax years 2021, 2022 and 2023.

[6]  With adjustments, the land assessment was $46,000 (2021), $50,200 (2022) and $47,100 (2023).






The Lot 27 property record cards are consistent and self-explanatory: the lot was assessed based on an acreage of .754 acres.

LOT 17

| | | | Land Calculations | | | | | |
|---|---|---|---|---|---|---|---|---|
| Tax Year | Land Desc. | Acreage | SF: | Unit | Rate | Site | Cond | Value (Land) pre-adj. |
| 2021 | .613 AC | 1.360 | 59,241 | 1 360 AC | 5000 | 105000 | 100 | 111800 |
| 2022 | .613 AC | 1.360 | 59,241 | 1 360 AC | 5000 | 115000 | 100 | 121800 |
| 2023 | .613 AC | 1.360 | 59,241 | 1 360 AC | 5000 | 155000 | 100 | 161800 |

The Lot 17 property record cards, however, contain inconsistencies and list the lot size as both .613 acres and 1.360 acres. At the hearing, the assessor testified that Lot 17 was assessed based on the full 1.360 acres for tax years 2021, 2022 and 2023. The assessor explained that the property record cards confirm that the unit size utilized to calculate the value of the land was 1.360 acres at a rate of $5,000/per acre.[7] With this clarification, the formula for calculating the value of land is clear: (unit x rate) + site value = land value. For tax year 2021, the land valuation for Lot 17 is $111,800 and calculated as (1.360 x $5,000) + 105,000.

Finally, the Lot 17 property record cards for 2022 and 2023 contain a notation: "Minor [subdivision] memorialized 5/11/11 created lot 8.01 LU 11-10-11 no deed as of 12-29-2015 [for sale] summer 2019." The 2021 property record card for Lot 17 also confirms,

---

[7] In contrast, the assessor described the .613 acres listed under "Land Desc" as a manually entered value that is not a component of the actual calculation in valuing the land.






"no deed."[8]  Based on the assessor's testimony and the Lot 17 property record cards, the court finds the taxpayer did not file the subdivision deed.[9]

## II.      Legal Analysis

An error has occurred.  The issue to be decided is whether the assessments on Lot 27 constitute the type of error that qualifies for relief under the Correction of Errors statute, N.J.S.A. 54:51A-7.  Under this statute, the Tax Court may "upon the filing of a complaint at any time during the tax year or within the next 3 years thereafter . . . enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments." Ibid.  A correction of errors is an exception to a standard tax appeal, that often involves disputes of valuation, which must be filed annually under N.J.S.A. 54:3-21.  Thus, while the Correction of Errors statute permits a three-year lookback under certain circumstances, the statute is clear that the court may not consider "any complaint relating to matters of valuation involving an assessor's opinion or judgment."  N.J.S.A. 54:51A-7.

For many years, the New Jersey courts held to a restrictive reading of the Correction of Errors statute and equated mistakes in assessment with mechanical, mathematical, clerical or purely administrative mistakes.  In Hovbilt, Inc. v. Twp. of Howell, 138 N.J. 598, 617-18 (1994), the Supreme Court of New Jersey opined that the statute should not be so narrowly construed and established a two-prong test for granting relief under N.J.S.A. 54:51A-7.  Under the two-prong

---

[8] The full notation on the 2021 property record reads: "Minor [subdivision] memorialized 5/11/11 created lot 8.01 LU 11-10-11 no deed."

[9] At the hearing, the assessor did not address whether a timely conforming plat was filed with the relevant government offices.  The assessor later certified that she was not able to locate a conforming plat for the subdivision after conducting a search of the municipal tax records, an electronic search of the real property records, including maps, filed with the Sussex County Clerk's Office and inquires with the Township's Land Use Secretary and Building Department.  Based on the assessor's certification, the court finds that the taxpayer did not file a plat map for the subdivision.





test, the mistake must be "indisputable, and cannot plausibly be explained on the basis of an exercise in judgment or discretion by the assessor or his or her staff" and the "correct assessment must readily be inferable or subject to ready calculation on the basis of the assessment mistake for which correction is authorized." Id. at 618-19.

In Hovbilt, the Court gives an example of a vacant lot that is mistakenly assessed on the assumption that the property was improved as a type of mistake that is correctable. Id. at 618. The Court opined that an over-assessment based on non-existent improvements ordinarily would not occur based on the assessor's exercise of judgment. Ibid. Moreover, the correction would be "self-evident and non-discretionary" – the court would simply remove the assessment on the non-existent improvements. Ibid.

The assessments on Lot 27 are an undisputable mistake that cannot be explained based on assessor judgment or discretion. Under N.J.S.A. 40:55D-47(d), unless an extension is granted, the approval of a minor subdivision expires:

> 190 days from the date on which the resolution of the municipal approval is adopted unless within such period a [conforming] plat . . . or deed clearly describing the approved subdivision is filed by the developer with the county recording officer, the municipal engineer and the municipal tax assessor.

> [Ibid.]

Herein, the taxpayer failed to file a conforming plat or deed for the subdivision. As a result, the approval for the subdivision expired in 2011. Since the subdivision approval expired, Lot 27 was never perfected and, thus, could not have a separately assessed value for tax years 2021, 2022 or 2023.






The court also finds that the correct assessment for Lot 27 is readily inferable or subject to ready calculation on the basis of the assessment mistake. The correct assessment on a non-existent lot is $0.

The court's analysis, however, does not end here.[10] The court must also determine the correct assessment for Lot 17. In this instance, the court finds that the correct assessment for Lot 17 is self-evident and non-discretionary due to a second mistake concerning the proposed subdivision. Rather than value Lot 17 based on the proposed undersize lot size of .613 acres, the assessor's testimony and property record cards confirm that the property was valued at the full lot size of 1.36 acres for tax years 2021, 2022 and 2023. Since Lot 17 was properly valued notwithstanding the erroneous creation of Lot 27, no adjustment to Lot 17 is warranted.

## III. Conclusion

For the foregoing reasons, the Township's motion for summary judgment is denied. Based on the evidence adduced at the hearing, the court shall enter an Order, reducing the land assessment on Lot 27 to $0 for tax years 2021, 2022 and 2023.

*Michael J. Duffy*
Hon. Michael J. Duffy, J.T.C.

---

[10] A perfected subdivision results in two separate building lots, requiring the assessor to use their judgment to value each lot based on its highest and best use. For this reason, the subdivision of land ordinarily would be outside the scope of the Correction of Errors statute. See 303, Inc. v. City of North Wildwood, 21 N.J. Tax 376, 386 (Tax 2004) (Tax Court held that eight condominiums assessed as a single parcel was not a correctable error under N.J.S.A. 54:51A-7, because the assessor was required to exercise judgment in order to value the eight separate properties).





Americans with
Disabilities Act



ENSURING
AN OPEN DOOR TO
JUSTICE

